DECISION AND JUDGMENT ENTRY
This accelerated appeal is before the court on appeal from the August 19, 1996 judgment of the Huron County Court of Common Pleas, which denied appellant's motion to vacate or set aside his sentence. On appeal, appellant asserts four assignments of error:
"ASSIGNMENT OF ERROR NO. 1:
 "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR IN OVERRULING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW THE SUBJECT GUILTY PLEA IN THAT THE DEFENDANT-APPELLANT HAD PROVIDED THE TRIAL COURT WITH SUBSTANTIAL EVIDENCE 1.) that the defendant-appellant was under the influence of ELAVIL at the change of plea hearing, 2) that the guilty pleas were induced by an improper promise made by the defendant-appellant's then-attorney, 3.) that the defendant-appellant had consistently maintained having no recollection of life for period of several days and no recollection of crime of which he was accused, and 4.) that the defendant-appellant's act of making the subject guilty pleas was the result of the defendant-appellant being advised to accept it, by someone who was not his counsel.
"ASSIGNMENT OF ERROR NO. 2:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR NEW TRIAL.
"ASSIGNMENT OF ERROR NO. 3:
 "THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT HIS DUE PROCESS OF LAW.
"ASSIGNMENT OF ERROR NO. 4:
 "DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS REQUIRED BY THE SIXTH AMENDMENT OF THE UNITED STATES WHEN HE WAS DENIED COUNSEL WITHOUT A DETERMINATION OF WHETHER HE IS ABLE OR UNABLE TO OBTAIN COUNSEL IN A RECORDED PROCEEDING IN OPEN COURT."
On February 1, 1996, appellant pled guilty to three counts of aggravated vehicular homicide, each with three specifications, in violation of R.C. 2903.06(A), and two counts of aggravated vehicular assault, both with four specifications, in violation of R.C. 2903.08(A). Three counts of involuntary manslaughter were dismissed. Appellant was sentenced on March 1, 1996. Later in 1996, appellant filed a postconviction relief petition to set aside the sentence on the ground that his guilty plea was not knowingly, voluntarily, and intelligently made, his counsel rendered ineffective assistance of counsel because he failed to determine that aggravated vehicular homicide and involuntary manslaughter are allied offenses. The trial court denied the petition and this court affirmed that decision on appeal.
Subsequently, in 1999, appellant filed a consolidated motion to withdraw his guilty plea, motion for new trial, motion to convey, and motion for appointment of counsel. Appellant asserted first that the trial court should permit him to withdraw his guilty plea because the trial court failed to comply with Crim.R. 11. He contends that his guilty plea was not a knowing, voluntary, and intelligent plea. Second, appellant asserted that he was entitled to a new trial. This argument was based on the "newly discovered evidence" in the record of this case. The grounds for a new trial were that he could not have been convicted of aggravated vehicular homicide when the indictment did not include a particular "mental culpability state." Third, appellant asserted that his sentence was excessive. Fourth, appellant asserted that his appointed defense counsel rendered ineffective assistance by not seeking an insanity plea. Furthermore, he argues that the court should have held a competency hearing.
The court held that appellant's motion was really a postconviction relief petition according to the test set forth inState v. Hill (1998), 129 Ohio App.3d 658. The court could not review the petition, however, because it was untimely. Furthermore, the court held that these issues were raised and denied in the previous postconviction relief proceeding. The court held, therefore, that the issues raised are barred from review under the doctrine of res judicata.
Upon a review of the record, we find that the trial court's conclusions were proper with one exception. The issue of an excessive sentence was not raised in the prior postconviction proceeding. However, since that issue could have been but was not raised on appeal, the issue is now barred by the doctrine of resjudicata. State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, and State v. Reynolds (1997), 79 Ohio St.3d 158,160-161. Appellant's four assignments of error are found not well-taken.
Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J., JUDGE
 Melvin L. Resnick, J., James R. Sherck, J. JUDGES CONCUR.