The STATE of Ohio, Appellee,

v.

HILL, Appellant.

[Cite as *State v. Hill* (1998), 129 Ohio App.3d 658.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970966.

Decided Sept. 4, 1998.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *James Michael Keeling*, Assistant Prosecuting Attorney, for appellee.

*John Hill, pro se,* for appellant.

Painter, Judge.

Appellant John Hill entered a plea of not guilty to charges of aggravated murder and an attendant specification of firearm possession, tampering with evidence, and obstruction of justice.[1] Hill withdrew that plea and entered a guilty plea to one count of involuntary manslaughter, two counts of tampering with evidence, and one count of obstructing justice. The trial court accepted the plea and sentenced Hill accordingly in April 1994. Hill failed to file a timely direct appeal.

Hill moved to withdraw his guilty plea with a supporting affidavit in 1996. The trial court overruled the motion without conducting an evidentiary hearing, but evidently did not consider the motion to be a postconviction motion under R.C. 2953.21. Hill premised his motion on the contention that his counsel's ineffectiveness rendered his plea involuntary. Although Hill styled his motion as a motion to withdraw his guilty plea, the substance and timing of his motion make it a petition for postconviction relief as defined by R.C. 2953.21.

Under R.C. 2953.21(A)(1), a convicted person may file a petition asking the sentencing court to vacate the judgment or sentence where the petitioner claims that there was such an infringement of constitutional rights as to render the judgment void or voidable. The Ohio Supreme Court has explained that regardless of how a motion is captioned, "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." [2]

In this case, Hill's motion met the criteria for a postconviction petition. He filed his motion after the time for his direct appeal had expired and sought vacation of his sentence on the basis that his plea was involuntary due to trial counsel's ineffectiveness. Though there is some authority to the contrary,[3] we believe the weight of authority and the better rule to be that Hill's motion should be considered as a postconviction petition.[4] Thus, Hill's motion to withdraw his guilty plea must be considered a postconviction petition.

---

1. We have removed this case from the accelerated calendar.

2. *State v. Reynolds* (1997), 79 Ohio St.3d 158, 160, 679 N.E.2d 1131, 1133.

3. *State v. Talley* (Jan. 30, 1998), Montgomery App. No. 16479, unreported, 1998 WL 31516.

4. See *State v. Weese* (May 13, 1998), Medina App. No. 2742–M, unreported, 1998 WL 239977; *State v. Kahl* (Apr. 22, 1998), Lorain App. No. 97CA006816, unreported, 1998 WL 193486; *State v. Shie* (July 23, 1997), Wayne App. No. 96CA0073, unreported, 1997 WL 422775.

■ This case establishes a bright-line rule. A postsentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a postconviction petition for relief. This court believes that this bright-line rule is not only compelled by the statutory law but also necessary to prevent abuse of the courts' resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21 by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for postconviction relief.[5]

A petitioner seeking postconviction relief must file a timely petition. If the petitioner's petition is untimely, delayed relief under R.C. 2953.23(A) may be sought. To be afforded delayed relief, the petitioner must demonstrate either that he was unavoidably prevented from discovering facts upon which his petition relies, or that his petition relies on the recognition of a new federal or state right recognized by the United States Supreme Court that applies retroactively to a person in the petitioner's situation. In addition to one of these two factors, the petitioner must show by clear and convincing evidence that, but for the constitutional error, no reasonable trier of fact would have found him guilty of the offense for which he was convicted. We believe the R.C. 2953.23(A) factors exemplify what is termed "manifest injustice" under Crim.R. 32.1.

■ Construed as a postconviction petition, under R.C. 2953.21(A)(2), Hill's petition must be dismissed as untimely. Hill was convicted prior to September 21, 1995. According to Section 3 of 1995 Am.Sub.S.B. No. 4, which amended R.C. 2953.21(A)(2), Hill had until September 23, 1996, to file for postconviction relief.[6] Hill did not file in time. Further, he failed to demonstrate that he should be allowed to file a delayed postconviction petition under R.C. 2953.23(A). Consequently, the trial court was without jurisdiction to consider the merits of Hill's claim.[7] Because the petition was untimely, we affirm the dismissal of Hill's motion, even though the trial court relied on other grounds to deny relief.

*Judgment affirmed.*

SUNDERMANN, P.J., and GORMAN, J., concur.

---

Accord *Canter v. Voinovich* (Sept. 24, 1997), Lorain App. No. 97CA006665, unreported, 1997 WL 626607.

5. See *Canter v. Voinovich, supra.*

6. See *State v. Askins* (Sept. 26, 1997), Hamilton App. No. C–961000, unreported, 1997 WL 598401.

7. See *State v. Kasubienski* (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported, 1997 WL 760909.