[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In December 1991, defendant-appellant Donald Gill pleaded guilty to one count of drug trafficking and two counts of receiving stolen property in cases B-916728 and B-917249. The trial court accepted Gill's pleas and sentenced him accordingly in January 1992. Gill failed to file a direct appeal. Then, in April 1994, Gill pleaded guilty to aggravated trafficking in case B-940262 and was sentenced accordingly. Again, he filed no direct appeal.
On November 24, 1998, Gill filed what he entitled a "Writ of Coram Nobis" in cases B-916728, B-917249, and B-940262, wherein he sought to withdraw his guilty pleas or, alternatively, to have his convictions vacated. Gill premised his writs on the contention that ineffective assistance of counsel had rendered his pleas involuntary. The trial court denied his requests for relief.
Because Gill sought to withdraw his pleas or to vacate his sentences on the basis that his constitutional right to effective assistance of counsel had been violated, his writs were in substance motions for post conviction relief as defined by R.C.2953.21, regardless of how they were captioned.[1]
Construed as post conviction petitions under R.C.2953.21(A)(2), Gill's petitions should have been dismissed as untimely. All of Gill's convictions occurred prior to September 21, 1995. According to Section 3 of Am.Sub.S.B. No. 4, which amended R.C. 2953.21(A)(2), Gill had until September 23, 1996, to file for post conviction relief.[2] He missed this deadline by more than two years. Moreover, he failed to demonstrate that he should be permitted to file a delayed post conviction petition under R.C. 2953.23(A). The trial court, therefore, was without jurisdiction to consider the merits of Gills' claims. So, although the trial court relied on other grounds to deny Gill relief, we affirm its dismissal of his claims.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Reynolds (1997), 79 Ohio St.3d 158,679 N.E.2d 1131; State v. Hill (1998), 129 Ohio App.3d 658, 718 N.E.2d 978.
[2] See State v. Askins (Sept. 26, 1997), Hamilton App. No. C-96100, unreported; Hill, supra.