[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant's motion to withdraw his guilty plea, in which he alleged that his plea was involuntary due to his counsel's ineffectiveness, was, in essence, a petition for postconviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158,679 N.E.2d 1131; State v. Hill (1998), 129 Ohio App.3d 658,718 N.E.2d 978. Because appellant's motion was not filed within the required time period for filing a petition for postconviction relief under R.C. 2953.21(A), and did not meet any of the requirements for delayed relief set forth in R.C. 2953.23(A), the trial court did not err in overruling it. Hill, supra; State v.Gibbs (Dec. 11, 1998), Hamilton App. Nos. C-971087 and C-971089, unreported; State v. Moore (Sept. 4, 1998), Hamilton App. No. C-971038, unreported. Accordingly, we overrule appellant's sole assignment of error and affirm the judgement of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.