[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Ronald Hampton appeals the trial court's refusal to entertain his postconviction petition. The trial court determined that it was precluded from considering Hampton's petition because Hampton had failed to file it within the time requirements of R.C. 2953.21(A) and had further failed to demonstrate that his petition was eligible for delayed consideration under R.C.2953.23(A).
In his appeal, Hampton raises one assignment of error in which he argues that the trial court erred to his prejudice because it journalized its decision before considering Hampton's reply memorandum to the state's memorandum in opposition to his petition. We find no merit in Hampton's assignment.
If a petitioner files his postconviction petition out of time, the trial court lacks jurisdiction to consider the merits of the petition unless the petitioner demonstrates that he is entitled to delayed consideration of postconviction relief under R.C.2953.23(A).[1] Hampton's petition, filed in April 1999, sought to vacate the sentence for his robbery conviction, entered June 1977. The time in which to file his postconviction petition expired on September 23, 1996, one year after the effective date of Am.Sub.S.B. No. 4.[2] Consequently, Hampton had the burden to demonstrate that his petition was eligible for delayed consideration under R.C. 2953.23(A). He failed to do so.
Specifically, to the extent Hampton argues that the United States Supreme Court's decision in Garlotte v.Fordice[3] recognizes a new federal or state right that applies to the claim he is asserting in his petition, Hampton's argument fails for two reasons. First, Garlotte's
holding that a petitioner remains in custody for the purposes ofhabeas corpus until all of his sentences are served is irrelevant to Hampton's postconviction claim. Second, because the decision was released before the time for the filing of Hampton's petition had expired, its holding was prohibited by R.C. 2953.23(A)(1)(b) from being used to demonstrate that the Supreme Court had recognized a "new" right of the type that would allow a delayed consideration of Hampton's postconviction claim, even were the decision germane.
Accordingly, the trial court was without jurisdiction to consider Hampton's postconviction petition. Because the trial court was without jurisdiction to entertain the petition, no error resulted from the journalization of the trial court's entry without consideration of the reply memorandum.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., SUNDERMANN and WINKLER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge
[1] See State v. Hill (1998), 129 Ohio App.3d 658,718 N.E.2d 978; State v. Kasubienski (Nov. 12, 1997), Lorain App. No. 97CA006684, unreported.
[2] See State v. Askins (Sept. 26, 1997), Hamilton App. No. C-961000, unreported.
[3] Garlotte v. Fordice (1995), 515 U.S. 39,115 S.Ct. 1948.