[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Carl B. Austin, appeals the judgment of the Hamilton County Court of Common Pleas overruling his motion to amend or correct his sentence. For the following reasons, we affirm the judgment of the trial court.
In 1973 and 1976, Austin entered pleas of guilty to single counts of breaking and entering and was ultimately sentenced to a term of incarceration. In January 1999, he filed a document captioned "Motion to Amend and Correct Sentence." The trial court construed the pleading as a petition for postconviction relief and dismissed it as untimely.
Austin has raised four assignments of error. We begin with the second assignment, in which Austin contends that the trial court erred in construing his motion as a petition for postconviction relief. We find no error in the trial court's decision.
The Supreme Court of Ohio has held that where a defendant files a motion seeking to correct his sentence after the time for a direct appeal has elapsed, it is to be construed as a petition for postconviction relief.[1] It is therefore subject to the time constraints set forth in R.C. 2953.21 and 2953.23.[2].
In the case at bar, Austin filed his motion well past the time allotted for a direct appeal. Therefore, it must be construed as a petition for postconviction relief. Construed as such under R.C. 2953.21(A)(2), it was not timely filed within one hundred eighty days after the expiration of the time for a direct appeal. Further, Austin failed to demonstrate entitlement to file an untimely petition pursuant to R.C. 2953.23. Accordingly, the trial court was without jurisdiction to entertain the petition and properly denied the requested relief.[3] The second assignment of error is therefore overruled.
Moreover, because the trial court was without jurisdiction to entertain the petition, Austin's remaining assignments of error are rendered moot. Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN and WINKLER, JJ.
HILDEBRANDT, Presiding Judge.
[1] See State v. Reynolds (1997), 79 Ohio St.3d 158,679 N.E.2d 1131, syllabus.
[2] See State v. Hill (1998), 129 Ohio App.3d 658, 718 N.E.2d 978, jurisdictional motion overruled (1999), 84 Ohio St.3d 1470,704 N.E.2d 578.
[3] Id.