JOURNAL ENTRY and OPINION
This case is before the court on appeal from a trial court decision denying petitioner's motion for post-conviction relief and his motion for relief from judgment under Civ.R. 60(B). Appellant argues:
 CUYAHOGA COMMON PLEAS COURT WAS IN ERROR FOR DISMISSING RELIEF, WITHOUT A FACTUAL FINDING OF EVIDENCE HEARING [sic]:
 I. THE TRIAL COURT ERRED BY HOLDING THAT APPELLANT IS BARRED ON RELIEF BY DOCTRINE OF RES JUDICATA. 14TH U.S. AMENDMENT.
 II. APPELLANT WAS DEPRIVED OF A DIRECT APPEAL OF RIGHT BASED UPON CONFLICT OF INTEREST OF APPEAL COUNSEL. SIXTH AND FOURTEENTH U.S. AMENDMENT.
 III. APPELLANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHTS.
 IV. THE PROSECUTOR FAILED TO DISCLOSE TO DEFENSE COUNSEL THAT HE HAD MADE PLEA BARGAIN AGREEMENT'S [sic] WITH SEVERAL STATE WITNESSES.
 V. THE PROSECUTOR KNOWINGLY USED FALSE AND PERJURED TESTIMONY NOT ONLY BEFORE THE GRAND JURORS, BUT AT THE TRIAL. SIXTH AND FOURTEENTH U.S. AMENDMENTS.
We find that the trial court properly denied appellant's second petition for post-conviction relief pursuant to R.C. 2953.23
because the court lacked jurisdiction over that untimely petition.
 PROCEDURAL HISTORY
On August 31, 1981, appellant was convicted of aggravated murder and aggravated robbery. He was sentenced to life imprison-ment on the murder charge and to a consecutive sentence of seven to twenty-five years' imprisonment on the robbery charge. This court affirmed appellant's conviction on direct appeal.
On June 3, 1991, appellant filed a petition for post-conviction relief, claiming that he was denied the effective assistance of counsel at trial and that conflicting evidence at trial denied him due process. The state immediately filed a motion to dismiss, asserting that the issues raised in the petition were or could have been raised on direct appeal. The trial court granted the state's motion to dismiss on August 27, 1991 but did not file findings of fact or conclusions of law. Appellant now claims he was not notified of the decision. In any event, he did not appeal it nor, apparently, did he seek a writ of mandamus to compel the court to issue findings of fact and conclusions of law.
On January 21, 1998, appellant filed another petition for post-conviction relief, which the trial court denied almost immediately on February 3, 1998. Appellant then filed a motion to vacate pursuant to Civ.R. 60(B) on November 12, 1998. The court denied this motion on December 9, 1998. On April 7, 1999, the trial court entered findings of fact and conclusions of law, concluding that (a) appellant's claim of ineffective assistance of appellate counsel was not cognizable on direct appeal, (b) appellant's claim of ineffective assistance of counsel at trial was not supported by documentary evidence and was barred by res judicata, and (c) appellant's claims that he was denied due process could have been litigated on direct appeal. In addition, the court dismissed the petition as a successive petition under R.C. 2953.23.
On May 6, 1999, appellant filed his appeal from this decision.
 LAW AND ANALYSIS
Initially, we note that no final order was ever issued on appellant's 1991 petition because the trial court never issued findings of fact and conclusions of law after it dismissed the petition. Therefore, we will treat the 1998 petition as if it were appellant's first petition for post-conviction relief.
Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief generally must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. However, the following savings language was included in the senate bill that created this one-hundred-eighty-day time limit:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23
of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act [September 21, 1995], whichever is later.
Senate Bill No. 4, section 3, 146 Ohio Laws, Part IV, 7826.
Appellant's motion was not filed within one year from September 21, 1995 or within one hundred eighty days after the transcript was filed in this court on direct appeal. Delayed relief could be sought under R.C. 2953.23, but appellant must meet the strict jurisdictional requirements of a delayed petition, which require that:
 * * * a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [section 2953.21] * * * unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Appellant has not met either of these jurisdictional requirements; therefore, his petition was untimely and was properly dismissed even though the trial court relied in part on other grounds to deny relief. State v. Hill (1998), 129 Ohio App.3d 658, 661; Cf. State v. Pierce (1998), 127 Ohio App.3d 578, 584.
Our conclusion that the trial court lacked jurisdiction over appellant's petition renders moot all of appellant's assignments of error, each of which addresses the merits of his petition.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________________________ KENNETH A. ROCCO, PRESIDING JUDGE
JAMES D. SWEENEY, J. and PATRICIA A. BLACKMON, J. CONCUR