OPINION
Defendant-appellant, Warren V. Tinch, appeals from a Warren County Court of Common Pleas judgment entry denying his petition for postconviction relief. We affirm the decision of the trial court.
Appellant was convicted of two counts of aggravated murder and was sentenced to life imprisonment on October 2, 1991. Appellant appealed his convictions on October 15, 1991. This court affirmed the judgment of the trial court in State v. Tinch (1992),84 Ohio App.3d 111.
Appellant petitioned the trial court for postconviction relief by filing a "Petition to Vacate or Set Aside Sentence" on February 2, 1999. The trial court dismissed the petition for postconviction relief because it was untimely.
Appellant appeals, raising three assignments of error, each of which state that it was error for the trial court to dismiss appellant's petition for postconviction relief without a hearing.
Petitions for postconviction relief are governed by R.C.2953.21, which states in pertinent part:
 (A)(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
R.C. 2953.23 makes a limited exception for review of a petition for postconviction relief that is not timely filed. R.C. 2953.23 states in pertinent part:
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
Appellant's trial transcript was filed in his direct appeal on January 7, 1992. Appellant petitioned for postconviction relief on February 2, 1999. Clearly, appellant filed his petition for postconviction relief much more than one hundred eighty days after his trial transcript was filed in the court of appeals and did not meet the deadline provided by R.C.2953.21(A)(2).[1]
Therefore, we must consider whether appellant has demonstrated that his petition for postconviction relief should have been entertained under R.C. 2953.23. A trial court does not have the authority to entertain an untimely filed petition for postconviction relief that does not meet the requirements set forth by R.C. 2953.23(A)(1) and (2). See State v. Hill (1998),129 Ohio App.3d 658, 661; State v. Nelson (Nov. 1, 1999), Clermont App. No. CA99-04-037, unreported. The trial court dismissed appellant's petition for postconviction relief because it was untimely.
In his petition for postconviction relief, appellant argues that constitutional errors occurred during his trial that could not have been raised in direct appeal because they are not included in the record of appellant's case. Appellant claims that he suffered from ineffective assistance of counsel, and that he could not effectively argue this on appeal because the attorney who represented him at trial also represented him on appeal. Appellant argues that his trial counsel was ineffective by: (1) failing to conduct adequate discovery; (2) not using the medical examiner's report or the coroner's report and failing to call an expert witness to challenge the testimony of the coroner and medical examiner; (3) failing to call appellant to testify in his own defense; (4) failing to call certain alibi witnesses to testify; and (5) persuading appellant to waive a jury trial.
Appellant also submitted a self-authored affidavit with his petition for postconviction relief. In his affidavit, appellant insists that the victim attacked him, using "the butcher knife [he] had carried for years [in his briefcase] to fix lunch at work." Appellant states that in an act of self-defense he took the knife away from the victim and cut her. In his affidavit, appellant contends that he was then hit with something, and when he regained his consciousness, he was alone and the victim was gone.
Appellant's petition for postconviction relief fails to satisfy R.C. 2953.23(A)(1) and (2). Appellant's petition for postconviction relief does not show that he was unavoidably prevented from discovery of the facts upon which he had to rely to present his claim for relief. Appellant does not argue that his petition for postconviction relief is based upon a new federal or state right that has been recognized by the United States Supreme Court. Finally, appellant fails to demonstrate by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense of which he was convicted. Even if appellant could not adequately argue his claims of ineffective assistance of counsel on his direct appeal, he should have petitioned for postconviction relief within the deadline provided by R.C. 2953.21.
We find that appellant failed to show that he should be allowed to file an untimely petition for postconviction relief under R.C.2953.23. Therefore, the trial court's dismissal of appellant's petition for postconviction relief was proper. Appellant's cassignments of error are overruled.
 ________________________ VALEN, J.
POWELL, P.J., and WALSH, J., concur.
[1] We note that amended R.C. 2953.21, which established the current deadline for petitioning for postconviction relief, became effective on September 21, 1995. Appellant was convicted and sentenced on October 2, 1991. This court has previously held that amended R.C. 2953.21(A) is applicable to those persons convicted before the amendment's effective date. See State v.Nelson (Nov. 1, 1999), Clermont App. No. CA99-04-037, unreported.