OPINION
Defendant-appellant, Olisseo J. Phelps, appeals the January 5, 2000 decision and entry of the Franklin County Court of Common Pleas denying, without a hearing, appellant's motion to withdraw his 1995 guilty pleas to five counts of aggravated robbery, three counts of kidnapping, two counts of felonious assault, and two firearm specifications. Because we find that the trial court lacked jurisdiction over appellant's motion, we affirm.
On June 14, 1995, appellant pleaded guilty to the above-referenced crimes, and by entry filed June 15, 1995, the trial court sentenced appellant to multiple consecutive sentences. Appellant, pro se, appealed to this court, which affirmed his conviction. See State v. Phillips [Phelps] (Dec. 10, 1996), Franklin App. No. 96APA05-603, unreported.
On November 3, 1999, appellant moved, pursuant to Crim.R. 32.1, to withdraw his guilty pleas. In his motion, appellant contended that his guilty pleas were not knowingly, voluntarily and intelligently made because of the trial court's inadequate plea colloquy in June 1995, and because of ineffective assistance of counsel. Appellant also requested a hearing on the motion.
By decision and entry filed January 5, 2000, the trial court denied appellant's motion without a hearing. It is from this entry that appellant appeals, raising the following single assignment of error:
Assignment of Error:
 The court of common pleas abused its discretion and denied Defendant-Appellant his rights under U.S. Const. amend. V, VI, and XIV and Crim R. 32.1 when it summarily rendered an adverse ruling on his motion to withdraw his guilty pleas without first granting him a hearing or specifying in its written decision the reasons why a hearing was not necessary.
The Ohio Supreme Court has held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. This rule applies to motions to withdraw guilty pleas filed pursuant to Crim.R. 32.1. As recently stated by the Hamilton County Court of Appeals:
 * * * A postsentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a postconviction petition for relief. This court believes that this bright-line rule is not only compelled by the statutory law but also necessary to prevent abuse of the courts' resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C. 2953.21
by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for postconviction relief. [State v. Hill (1998), 129 Ohio App.3d 658, 661.]
Numerous other courts are in accord. See, e.g., Statev. Mollick (July 19, 2000), Lorain App. No. 99CA007315, unreported; State v. Chupp (July 3, 2000), Holmes App. No. 99 CA 12, unreported; State v. Parra (Jan. 14, 2000), Lucas App. No. L-99-1123, unreported; State v. Raypole (Nov. 15, 1999), Fayette App. No. CA99-05-012, unreported; see, also, State v. Stires
(Sept. 30, 1999), Franklin App. No. 99AP-80, unreported (motion to withdraw guilty plea alleging ineffective assistance of counsel and supported by affidavits should have been treated as a motion for postconviction relief).
Here, appellant brought his motion to withdraw his guilty pleas over four years after the time for a direct appeal and sought vacation of his guilty pleas on the basis of alleged constitutional violations, i.e., the trial court's alleged failure to advise appellant that he was waiving his rights to compulsory process and ineffective assistance of trial counsel. Thus, appellant's motion to withdraw his guilty pleas must be considered a motion for postconviction relief.
Construed as a postconviction petition under R.C.2953.21, appellant's motion should have been dismissed as untimely. Through Am.Sub.S.B. No. 4 (effective Sept. 21, 1995), the 121st General Assembly amended R.C. 2953.21, to add, interalia, a period of limitations within which a person must bring such petitions. In particular, Am.Sub.S.B. No. 4 added division (A)(2), providing as follows:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
In addition, the legislature, in an uncodified section of Am.Sub.S.B. No. 4, included a separate (and more generous) limitations period for persons convicted prior to the effective date of the act. In particular, Section 3, Am.Sub.S.B. No. 4 provided that such persons "shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later."
Because appellant was convicted before the effective date of Am.Sub.S.B. No. 4, the timeliness of his petition is governed by Section 3, Am.Sub.S.B. No. 4 and, as such, he was required to bring his petition by September 23, 1996. See, generally, State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, unreported. Appellant, however, filed his petition on November 3, 1999, more than three years too late. Further, a trial court may not entertain a petition filed after the expiration of the limitation period unless certain exceptions, inapplicable here, apply. See R.C. 2953.23(A). We, therefore, find that the trial court lacked jurisdiction to entertain appellant's motion to withdraw his guilty pleas. See Hill, supra. The judgment of the Franklin County Court of Common Pleas is affirmed.