OPINION
Defendant-appellant John F. Boyle, Jr., appeals from the April 21, 2000, Judgment Entry of the Richland County Court of Common Pleas overruling his Motion for New Trial which was subsequently converted and treated as a Petition for Postconviction Relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On June 29, 1990, appellant John F. Boyle, Jr. was convicted in the Court of Common Pleas for Richland County on one count aggravated murder, R.C. 2903.01, and one count of abuse of a corpse, R.C. 2927.01. Appellant was convicted of murdering his wife and burying her in the basement of one of appellant's homes. Appellant was sentenced to life in prison with eligibility for parole after serving 20 years for the murder count, and to 18 months in prison for the abuse of a corpse count, to be served consecutively. At trial, the State alleged that on December 31, 1989, appellant murdered his wife Noreen in their home in Mansfield, Richland County, Ohio. Sometime between December 31, 1989, and January 5, 1990, he allegedly buried Noreen's remains in his newly purchased home in Erie, Pennsylvania. The State hypothesized that appellant did so because he and his wife were in the midst of a hotly contested divorce. In purchasing the Erie, Pennsylvania, home in December, appellant presented his pregnant girlfriend as his wife. Appellant and his wife had recently attempted to negotiate a financial settlement regarding their divorce, with the wife asking for substantial property and alimony. When the divorce proceedings began, appellant, a physician, began to relocate his medical practice to Erie. The State presented evidence that appellant had insisted upon obtaining possession of the newly purchased Erie, Pennsylvania, home by January 1, 1990. On December 4, 1989, he contacted the realtor to ask what was under the basement floor, in case he decided to make some alterations. On December 19, 1989, appellant rented an electric jackhammer for use on the weekend of December 29. Early in the morning of December 31, 1989, appellant's son was awakened by a scream and the sound of two thuds. The next morning appellant told his son that his mother had left on a vacation. The following day, appellant went to Erie. On January 2 or 3, appellant was seen at the home of his girlfriend's uncle. Later, police discovered concrete from the Erie, Pennsylvania, home at the uncle's property. On January 4, 1990, appellant purchased green indoor/outdoor carpeting similar to the carpet later found covering the floor over where Noreen Boyle was buried. On January 8, 1990, appellant arranged for shelving to be built over the site where Noreen Boyle was buried. The contractor noticed that the basement windows were open in spite of the cold outdoor temperatures. On January 25, 1990, police from both Ohio and Pennsylvania exhumed Noreen Boyle's body from beneath the basement floor. At trial, appellant denied murdering his wife. He testified that someone else must have murdered her, broke into the home, tore out the basement carpeting and shelves, broke the cement floor, dug the grave and buried Noreen, cemented over the hole, replaced the carpet and shelving and removed the debris. This court affirmed the conviction, on September 26, 1991, Richland App. No. CA-2784, finding that there was overwhelming evidence of appellant's guilt. On January 25, 2000, appellant filed a Motion for a New Trial, with several accompanying affidavits, dated 1995 and 1996, and newspaper articles, dated 1994. In that Motion appellant alleged that he was entitled to a new trial due to prosecutorial misconduct, the racial make-up of the grand jury, newly discovered evidence of corruption within the Mansfield Police Department, and an autopsy report, which was never presented to the court or jury that indicated a different cause of death than the cause presented by the prosecution. Appellant further alleged that his defense counsel failed to disclose that he had previously represented the trial judge, the State's lead homicide detective/witness and another State's witness and that he had an active application seeking appointment from the prosecutor/court for appointment as special prosecutor. On March 9, 2000, appellant withdrew his Motion for a New Trial and asked that it be re-filed as a Petition for Postconviction Relief. Subsequently, appellant filed an affidavit, executed by himself, that claimed that defense counsel's law firm, in which defense counsel was a partner, had previously represented appellant's wife, the deceased. The State filed several motions in response to appellant's motions and Petition for Postconviction Relief. One of these motions included an affidavit, executed by appellant's trial counsel, that verified that he had represented the trial judge and two of the State's witnesses and acted as special prosecutor investigating allegations against the then Sheriff of Richland County Sheriff Department, but that none of these representations coincided with the representation of appellant. On April 21, 2000, the trial court filed a Judgment Entry which denied appellant's Motion for a New Trial and appellant's Petition for Postconviction Relief. The trial court found both the Motion for New Trial and the Petition for Postconviction Relief untimely. The trial court concluded that appellant provided no justification for his delay in filing these motions. However, due to the extreme nature of appellant's claims, the trial court felt compelled to briefly examine them. As to the sole issue presented on this appeal, regarding defense counsel's alleged conflict of interest, the trial court stated that while defense counsel had previously represented the trial court judge that presided over the trial, and had represented two of the State's witnesses and had acted as special prosecutor, none of these representations were concurrent with defense counsel's representation of appellant nor created any contrary duty of loyalty or conflicted with his representation of appellant. It is from the April 21, 2000, Judgment Entry that appellant presents this appeal, raising the following sole assignment of error:
 JOHN F. BOYLE JR.'S SIXTH AMENDMENT GUARANTEES BY THE UNITED STATES AND OHIO CONSTITUTIONS THAT REPRESENTATION WILL BE FREE FROM CONFLICTS OF INTEREST WAS DENIED WHEN HE WAS CONVICTED OF AGGRAVATED MURDER/ABUSE OF A CORPSE WHEN HIS COUNSEL LABORED UNDER AN ACTUAL CONFLICT OF INTEREST WITH DEFENDANT, COMPROMISING HIS DUTY OF LOYALTY AND ZEALOUS ADVOCACY TO DEFENDANT BY CHOOSING BETWEEN OR ATTEMPTING TO BLEND THE DIVERGENT INTERESTS OF THE DEFENDANT AND FORMER INFLUENTIAL CLIENTS WHO WERE STATE'S WITNESSES.
In his sole assignment of error, appellant argues that his defense counsel failed to disclose that he had previously represented the trial judge and two of the State's witnesses, Lt. David Messmore of the Mansfield Police Department and former Richland County Sheriff Major Gene Hart. Appellant contends that this prior representation resulted in a conflict of interest in his defense counsel and therefore appellant was denied the right to a fair trial. In support of his argument, appellant lists requests made to his attorney which were not pursued by counsel and sets forth avenues of defense which defense counsel did not pursue. The trial court found that both the Motion for New Trial and a Petition for Postconviction Relief were untimely and thereby denied appellant's Motion for New Trial/Petition for Postconviction Relief. We agree with the trial court that the motion for a new trial was untimely. Criminal Rule 33(B) requires a motion for a new trial to be filed within 14 days after the verdict unless a defendant was unavoidably prevented from filing a new trial motion. There is an exception for newly discovered evidence. In such cases, the motion for a new trial must be filed within 120 days after the verdict unless the defendant was unavoidably prevented from discovering the evidence. After the 120 days have passed, a defendant must show the trial court by clear and convincing evidence that he was unavoidably prevented from discovering the evidence. If the trial court agrees, a defendant may file a motion for new trial within seven days from the trial court's order finding the defendant was unavoidably prevented from discovering the new evidence. Nothing in the record demonstrates that appellant was prevented from filing a timely motion for a new trial. Appellant's "newly discovered evidence," as it relates to the assignment of error, was an assertion that his counsel had previously represented two of the State's witnesses and the trial court judge who presided over the trial, that defense counsel's law firm had previously represented the murder victim and that defense counsel was seeking a position as a special prosecutor within the county. The Motion for New Trial did not assert when or how appellant first gained this information. Therefore, appellant has presented no evidence that supports his allegation that this information constitutes "newly discovered" evidence. Therefore, the motion is untimely. On March 9, 2000, appellant moved the trial court to withdraw his Motion for New Trial and re-file it as a Motion for Postconviction Relief, pursuant to R.C. 2953.21. However, a motion for Postconviction Relief is untimely as well. Appellant was convicted on June 29, 1990. Prior to September 21, 1995, a petitioner could file a postconviction relief petition at any time after his conviction. Senate Bill 4, codified in R.C. 2953.21, effective September 21, 1995, limited a petitioner's time in which a petition could be filed. Thereafter, a petitioner was required to file a petition "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2). S.B. 4 contained a provision which set the time limit for filing postconviction relief petitions for defendants convicted prior to September 21, 1995. Section 3 stated the following: A person who seeks postconviction relief pursuant to sections2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act . . . shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
Therefore, appellant was required to file a petition for post conviction relief no later than September 21, 1996, or no later than 180 days after the date on which the trial transcript was filed in the Court of Appeals, whichever was later. Appellant's transcript was filed in the Richland County Court of Appeals on November 20, 1990. Therefore, appellant was required to file his Petition for Postconviction Relief no later than September 21, 1996. Under R.C. 2953.21(A)(2), appellant's Petition for Postconviction Relief was untimely. However, a petition for postconviction relief filed after the deadline may be considered by the trial court if an appellant can meet the requirements of R.C. 2953.23. R.C. 2953.23 states, in pertinent part: [A] court may not entertain a petition filed after the expiration of the period prescribed in section (A) of [2953.21] unless both of the following apply:
 (1)(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief. . . .
 (2) the petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. . . .
R.C. 2953.23(A).
If appellant cannot meet both prongs of the test, a trial court has no jurisdiction to hear the Petition. State v. Hill (1998),129 Ohio App.3d 658, 718 N.E.2d 978. Appellant has made no showing that he was unavoidably prevented from discovering the facts upon which he attempts to rely. As stated above, appellant did not present the trial court with any information as to when he obtained the information that his defense counsel had represented persons involved in the trial and was seeking an appointment as special prosecutor. Appellant has not shown that he was unavoidably prevented from obtaining the information upon which he relies. Therefore, appellant has not met the first criteria to file a Petition after the expiration of the time limits imposed by R.C.2953.21. In order to file a Petition after the initial deadline imposed by statute, the petitioner must meet both prongs of R.C. 2953.23. We note that even if we were to find that the appellant demonstrated that he was unavoidably prevented from discovery of the facts he relied upon, we agree with the trial court that appellant has failed to show that he is entitled to postconviction relief. Appellant must also show by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. We find that appellant has failed to show a constitutional error. Appellant asserts that his Sixth Amendment rights were violated because his attorney had a conflict of interest which resulted in divided loyalties between his ex-clients and his current client, appellant. We acknowledge that appellant had a Sixth Amendment right to counsel free of any conflict of interest. However, we find that appellant's argument fails. When a party does not raise the conflict of interest issue at trial, even if the party was not aware of the conflict, the party must demonstrate an actual conflict of interest adversely affected defense counsel's performance. State v. Russell (Aug. 5, 1994), Washington App. No. 94 CA 1, unreported, 1994 WL 419614. Prior representation of the murder victim or a prosecution witness in the past does not, in and of itself, constitute a conflict of interest. Id.(citing State v. Radford (Oct. 16, 1987), Greene App. No. 85-CA-72, unreported, and State v. Lorraine (1993), 66 Ohio St.3d 414, 613 N.E.2d 212). The fact that defense counsel had previously represented the trial court judge, two of the State's witnesses and that defense counsel's law firm had previously represented the deceased, without any showing of an actual then-existing conflict of interest, is insufficient to show constitutional error. However, even if we were to decide that a conflict of interest of constitutional proportions existed, which we do not decide, appellant has not shown by clear and convincing evidence that but for the error, no reasonable factfinder would have found appellant guilty. In our decision on direct appeal, we found the evidence of appellant's guilt overwhelming. We find appellant has failed to show by clear and convincing evidence that but for the alleged constitutional error, no reasonable fact factfinder would have found appellant guilty. Appellant has failed to show how any act or omission of appellant's counsel at trial resulted in prejudice to appellant. As such appellant has not met the requirements of R.C. 2953.23(A) to pursue a Petition for Postconviction Relief after the expiration of the time limits established by R.C. 2953.21. Therefore, we find that the trial court correctly found that appellant's Petition for Postconviction Relief was untimely. As such, the trial court was without jurisdiction to consider the Petition.
Appellant's sole assignment of error is overruled.
Edwards, J. Hoffman, P.J. and Wise, J. concurs