DECISION.
Defendant-appellant Clifford Gaither, Jr., entered a plea of guilty to one count of possession of cocaine in violation of R.C. 2925.11(A). He was thereafter convicted and sentenced accordingly on January 13, 1999. Gaither failed to file a timely direct appeal. On June 14, 1999, Gaither filed a motion to vacate his plea. He premised the motion on the fact that his counsel's ineffectiveness had rendered his plea involuntary. A hearing was conducted on February, 23, 2000, but no testimony was given because Gaither was not present at the hearing. As a result, the court overruled the motion to vacate the guilty plea. Gaither filed a timely notice of appeal on March 17, 2000. In his sole assignment of error, he now maintains that the trial court erred in failing to grant a meaningful hearing on his request to withdraw his guilty plea.
Although Gaither styled his motion below as one to withdraw his guilty plea, on the authority of State v. Hill,[1] we conclude that the substance and timing of his motion made it a petition for postconviction relief under R.C. 2953.21. Accordingly, we must review this appeal as one taken from the denial of a postconviction petition.
An individual seeking postconviction relief must file a timely petition pursuant to R.C. 2953.23(A)(2). Where no direct appeal has been filed, the petition must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Where a timely petition is filed, the court must consider the petition, and if it dismisses the petition, "it shall make and file findings of fact and conclusions of law with respect to such dismissal."[2] Though the trial court need not discuss every issue raised in a postconviction petition, the findings and conclusions must be sufficiently comprehensive, be pertinent to the claims presented, demonstrate the basis for the court's decision, and be supported by the record.[3] The general purpose of this is to provide an appropriate record for a reviewing court to determine the validity of the conclusions reached by the trial court.[4] A failure to make the required findings and conclusions is prejudicial error.[5]
Construed as a postconviction petition, Gaither's motion was timely filed within the one-hundred-eighty-day limit. But the trial court did not journalize any findings of fact or conclusions of law. Because the court failed to address appropriately the sole determinative issue raised in Gaither's petition, we cannot effectively review the court's judgment. As a result, we hold that Gaither was prejudiced, and we reverse the judgment of the trial court and remand this case for complete findings and conclusions in accordance with law.
Doan, P.J., Sundermann and Winkler, JJ.
[1] (1998), 129 Ohio App.3d 658, 718 N.E.2d 978.
[2] R.C. 2953.21(C).
[3] See State v. Calhoun (1999), 86 Ohio St.3d 279, 291-292,714 N.E.2d 905, 916.
[4] See id.
[5] See State v. Mapson (1982), 1 Ohio St.3d 217, 218, 438 N.E.2d 910,912.