OPINION
On October 9, 1992, defendant-appellant, Frank V. Caplinger, was indicted on one court of felonious sexual penetration in violation of R.C. 2907.12 and one count of gross sexual imposition in violation of 2907.05, with a specification of physical harm. On June 21, 1993, appellant entered a guilty plea to one count of the stipulated lesser included offense of attempted felonious sexual penetration. On February 23, 1994, appellant was sentenced to four to fifteen years incarceration. Appellant did not file a direct appeal from his conviction and sentence. On November 20, 2000, appellant, acting pro se, filed a "Motion to Withdraw Guilty Plea and Leave to File Post Conviction Relief Petition," supported by his own affidavit and those of his two sisters. By judgment entry filed December 5, 2000, the trial court summarily denied appellant's petition. Appellant filed the instant appeal, setting forth one assignment of error:
 The Trial Court Erred in Denying Appellant's Motions for withdrawal of Guilty Pleas and Leave to File a Post-Conviction Relief Petition Based on Ineffective and Erroneous Advise [sic] of Counsel Regarding Plea and Sentence.
A motion to withdraw a guilty plea, filed outside the time for direct appeal and which seeks vacation of the conviction and sentence based upon an alleged constitutional violation, must be reviewed as a petition for postconviction relief, regardless of how the motion is captioned. State v. Hill (1998), 129 Ohio App.3d 658, 660; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported.
Appellant's motion in the instant case meets the criteria for a postconviction petition. He filed the motion after the time for direct appeal and seeks vacation of his conviction and sentence on the basis that his guilty plea was involuntary due to his counsel's ineffectiveness. Accordingly, this court must treat appellant's motion as a request for postconviction relief.
Am.Sub.S.B. No. 4 ("S.B. 4"), effective September 21, 1995, amended the postconviction relief statute. Prior to the amendment, R.C. 2953.21
allowed a petitioner to file a petition for postconviction relief "at any time" after his conviction. State v. Schulte (1997), 118 Ohio App.3d 184,186. Under amended R.C. 2953.21(A)(2), a petition for postconviction relief filed in a case in which no direct appeal was taken must be filed "no later than one hundred eighty days after the expiration of the time for filing the appeal." However, Section 3 of S.B. 4 provides a grace period of one year from the effective date to provide for those individuals who were sentenced before September 21, 1995. Phelps, supra; State v. Lee (June 8, 2000), Franklin App. No. 99AP-668, unreported; State v. Ayala (Nov. 10, 1998), Franklin App. No. 98AP-349, unreported; State v. Price (Sept. 29, 1998), Franklin App. No. 98AP-80, unreported.
Appellant was sentenced on February 23, 1994, well before the effective date of S.B. No. 4 and he did not appeal his conviction. Thus, in order for appellant's petition to be timely filed, he had to file either within the one hundred eighty day time limit imposed by the amended statute or by September 21, 1996. Appellant did not file his petition for postconviction relief until November 20, 2000. Thus, the petition was untimely by over four years.
R.C. 2953.23(A) sets forth the circumstances under which a trial court may consider a petition for postconviction relief filed outside the time limit imposed by R.C. 2953.21(A):
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
This court has determined that the provisions of R.C. 2953.23(A) are jurisdictional in nature, and that absent a petitioner's demonstration that the requisites contained in R.C. 2953.23(A) have been met, a trial court is without jurisdiction to entertain an untimely petition for postconviction relief. See State v. Hanks (June 25, 1998), Franklin App. No. 98AP-70, unreported; Ayala; Phelps; Lee, supra. Thus, unless it appears from the record that appellant was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applied retroactively to appellant and, that, but for constitutional error at trial, no reasonable factfinder would have found appellant guilty of the offense for which he was convicted, this court is bound to conclude that the trial court was without jurisdiction to consider appellant's petition for postconviction relief.
A thorough review of the record reveals that appellant has failed to demonstrate any of the above exceptions entitling him to relief. In their affidavits, appellant and his sisters attest that appellant's counsel assured him that if he plead guilty, he would serve no more than eighteen months regardless of the sentence imposed by the trial court. With regard to R.C. 2953.23(A)(1)(a), appellant was not "unavoidably prevented from discovery of the facts" such that he could not file a timely petition for postconviction relief. Appellant was sentenced in February 1994. Appellant's alleged eighteen-month sentence would have expired in August 1995. It defies reason and basic common sense to suggest that it thereafter took appellant more than five years to realize his counsel had erroneously advised him of the length of the sentence. With regard to R.C. 2953.23(A)(1)(b), appellant does not assert a claim based on the United States Supreme Court's recognition of a new federal or state right that applied retroactively to a person in appellant's situation. Finally, appellant cannot satisfy the requirement in R.C.2953.23(A)(2) that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." Appellant was convicted pursuant to a plea of guilty, not by reason of trial. See State v. Halliwell (1999),134 Ohio App.3d 730, 735.
Consequently, we must conclude that appellant failed to file a timely petition for postconviction relief. As such, the trial court lacked jurisdiction to consider the issues contained therein. Even though the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of appellant's untimely petition. Hill, supra, at 661.
For the foregoing reasons, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
 ____________________________ PETREE, J.
DESHLER and BROWN, JJ., concur.