OPINION
Defendant-appellant, Billy Gipson, appeals the decision of the Warren County Court of Common Pleas, dismissing his petition for postconviction relief. We affirm the decision of the trial court.
Appellant was arrested in March 1997, on charges of kidnapping, rape, aggravated burglary, attempted murder, and felonious assault. On July 14, 1997, while being held in the Warren County Jail pending trial, appellant experienced chest and abdominal discomfort. He was transported to Southview Hospital, in Dayton, where he was given a number of medications for his symptoms. He was released on July 17, 1997. That same day he signed a jury waiver. After a bench trial, appellant was convicted of rape, aggravated burglary, two firearm specifications related to the rape and aggravated burglary counts, attempted kidnapping and attempted murder. His convictions were affirmed on appeal. SeeState v. Gipson (Apr. 6, 1998), Warren App. No. CA97-07-080.
Appellant filed a petition for postconviction relief on July 10, 2001. The petition alleged that trial counsel was ineffective for pressuring appellant to waive his right to a jury trial knowing that appellant was under the influence of medications which rendered him incompetent to make a knowing, intelligent, and voluntary waiver of the right. Appellant also contended that his trial counsel was ineffective for failing to move to suppress statements appellant made while under the influence of sedatives. Appellant's petition further alleged that both his trial counsel and the trial court judge should have been removed due to a conflict of interest.
The trial court dismissed the petition as untimely, noting that it was filed more than three years after his direct appeal, well beyond the 180-day statutory deadline. Appellant appeals the dismissal, raising three assignments of error.
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED IN DISMISSING THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF FOR AN ISSUE THAT WAS NOT RAISED AND AFTER THE COURT HAD ORDERED AN EVIDENTIARY HEARING THEREBY WAIVING ANY ISSUE OF TIMELINESS."
In his first assignment of error, appellant contends that the trial court erred by dismissing his petition for postconviction relief as untimely, since the timeliness issue "had neither been argued by the State nor referenced by the Court." Appellant alleges that he reasonably believed that the state had waived the issue. He also contends that the trial court waived the issue as it had already set the matter for an evidentiary hearing.
R.C. 2953.21(A) provides that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Appellant's petition, filed more than three years after his direct appeal, is well beyond the bounds imposed by statute.
The timeliness requirement of R.C. 2953.21 is jurisdictional and, accordingly, may be raised at any point in the proceeding. State v.Proctor (Sept. 5, 2000), Butler App. No. CA99-08-139. That the state failed to raise the timeliness of appellant's petition does not alter the fact that the petition was filed well outside the time constraints of R.C. 2953.21(A). Regardless of whether the state raises an issue, or in fact chooses to respond at all to a petition for postconviction relief, R.C. 2953.21(C) requires the trial court to sua sponte analyze the petition. State v. Sharif (Sept. 27, 2001), Cuyahoga App. No. 79325.
In the present case, the trial court sua sponte analyzed appellant's petition, and correctly concluded that it was without jurisdiction to consider appellant's petition which was untimely filed pursuant to R.C.2953.21(A)(2). We accordingly overrule appellant's first assignment of error.
Assignment of Error No. 2:
 "A COURT MAY NOT DISMISS A PETITION FOR POST-CONVICTION RELIEF WHEN THE PETITIONER WAS UNAVOIDABLY PREVENTED FROM DISCOVERING FACTS UPON WHICH HE MUST RELY TO PRESENT HIS CLAIM."
R.C. 2953.23 makes a limited exception for review of a petition for postconviction relief that is not timely filed. Pursuant to this statute, the trial court may not entertain petitions filed after the 180-day time limit in R.C. 2953.21(A), unless certain conditions are met. First, the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has since recognized a new federal or state right that applies retroactively to the petitioner. R.C. 2953.23(A)(1). Second, the petitioner must also show by clear and convincing evidence that, but for the constitutional error, a reasonable fact-finder would not have found him guilty. R.C. 2953.23(A)(2).
Appellant contends that he was unavoidably detained from discovering the facts related to his petition because he has been medicated for a period of years, beginning at a time prior to his incarceration and extending to the present. Appellant alleges that he suffers from hypertension, diabetes and a dudenal ulcer, all of which require that he take prescription medications. He contends that the side of effects of these prescriptions prevented him from bringing his petition earlier.
As observed by the trial court:
 "Contrary to these assertions, the materials attached to the petition, including [appellant's] affidavit and his voluminous medical records, establish merely that [appellant] suffered some health problems in the spring and summer of 1997 while awaiting trial, and that he has continued to suffer some health problems in the years following his conviction. What is not adequately explained is why this petition has been filed over three years past the deadline established in R.C. 2953.21(A)(2). Even indulging every reasonable inference in [appellant's] favor, the Court cannot draw the conclusion from the evidence presented that illness and/or medication has rendered [appellant] non compos mentis for over three years, thereby precluding [appellant's] ability to pursue his post-conviction remedies in a timely fashion."
Our review of the documentation provided by appellant leads us to adopt the trial court's conclusion. The medical records appellant provided the trial court indeed indicate that he suffers from a number of maladies which require treatment including prescription medications. However, appellant has failed to establish the nexus between his prescribed medications and his failure to timely file his petition for postconviction relief. Appellant's medical conditions predated his trial, and his treatment for them has continued through the present. It is unclear how he was prevented from bringing the motion earlier, or why, after three years, he is now able to file it.
A court does not have jurisdiction to entertain an untimely filed petition for postconviction relief that does not meet the exceptions set forth by R.C. 2953.23(A)(1) and (2). See State v. Hill (1998),129 Ohio App.3d 658, 661; State v. Nelson (Nov. 1, 1999), Clermont App. No. CA99-04-037. Because appellant has failed to demonstrate that he was unavoidably detained from discovering the facts upon which his petition for postconviction relief relies, we overrule his second assignment of error.
Assignment of Error No. 3:
 "APPELLANT'S CLAIMS WERE NOT BARRED BY THE DOCTRINE OF RES JUDICATA."
Having concluded that appellant's petition for postconviction relief was properly dismissed as untimely, we find that the third assignment of error is rendered moot.
Judgment affirmed.
POWELL and VALEN, JJ., concur.