JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. Crawford v. Eastland Shopping Mall Assn.(1983),11 Ohio App.3d 158.
 {¶ 2} Appellant-petitioner Donald Richard, Jr. appeals from the common pleas court order that denied his current petition for postconviction relief filed[1] in this case.[2] Appellant argues he provided adequate evidence to demonstrate his compliance with R.C. 2953.23. This court disagrees.
 {¶ 3} The record reflects appellant originally was indicted in this case in 1987 on one count of aggravated murder with a gun specification. The indictment alleged appellant had committed the crime with prior calculation and design.
 {¶ 4} Although appellant received the services of assigned counsel, he was unhappy with their efforts on his behalf. Nevertheless, appellant eventually entered into a plea agreement whereby in exchange for the state's amendment of the indictment to a charge of involuntary manslaughter without the specification, appellant would enter a guilty plea. The trial court accepted appellant's plea. Following a presentence investigation and report, the trial court sentenced appellant to a term of five to twenty-five years.
 {¶ 5} Soon thereafter, appellant began his campaign to have his conviction overturned. Appellant's delayed appeal to this court in App. No. 57664 was unsuccessful; therefore, in 1990 he filed his first petition for postconviction relief. The trial court denied appellant's petition, a decision this court affirmed in App. No. 62645. Appellant's additional efforts via Civ.R. 60(B) and Crim.R. 32.1 proved similarly unsuccessful.
 {¶ 6} Appellant, however, eventually filed his latest petition for postconviction relief in March 2001. Invoking R.C. 2953.23, appellant claimed he had found a newspaper article from 1987 that proved he was innocent of the crime of manslaughter. The state opposed appellant's petition with a motion to dismiss it. Appellant's current appeal is from the trial court order that denied appellant's most recent petition.
 {¶ 7} Appellant's assignments of error are overruled on the basis of State v. Richard (Apr. 4, 2002), Cuyahoga App. No. 79964. The trial court lacks jurisdiction to consider an untimely petition unless both requirements of R.C. 2953.23 are met. State v. Corbin (Dec.30, 1999), Cuyahoga App. No. 75627.
 {¶ 8} Appellant's newspaper article did not constitute competent evidence, and appellant's affidavit did not provide any reasons for his failure timely to obtain the "facts" upon which he relied to present his latest claim for relief. State v. Richard, supra. Moreover, since appellant entered a guilty plea to the offense, he could never demonstrate he met the requirement set forth in R.C. 2953.23(A)(2). State v. Miller
(Apr. 6, 2000), Cuyahoga App. No. 75762.
 {¶ 9} The trial court's order, accordingly, is affirmed.
TIMOTHY E. McMONAGLE, A.J. and COLLEEN CONWAY COONEY, J. CONCUR.
SUMMARY KEY WORDS
Homicide — Plea — Guilty — Postconviction Remedy — Other
[1] Since appellant also filed numerous "motions for relief from judgment," it is difficult to ascertain the specific amount of petitions filed pursuant solely to R.C. 2953.21. See, State v. Hill (1998),129 Ohio App.3d 658.
[2] Appellant has other cases in which he also has filed more than one petition or motion for relief.