OPINION
{¶ 1} Defendant-appellant, Terry R. Goode, Jr., appeals the denial of his petition for postconviction relief.
 {¶ 2} On June 2, 2003, appellant was sentenced to four years in prison after pleading guilty to charges of trafficking in cocaine and permitting drug abuse. The guilty pleas followed the denial of appellant's motion to suppress evidence. Appellant never directly appealed his convictions and sentence.
 {¶ 3} 15 months after the expiration of his time for filing a direct appeal, appellant filed a "petition to vacate or set aside sentence" on October 4, 2004, claiming he was denied due process because he was never read his rights and the arresting officers illegally gained entrance to his home.
 {¶ 4} The trial court subsequently dismissed appellant's petition for lack of jurisdiction since the petition was untimely filed under R.C. 2951.21 through 2953.23.
 {¶ 5} In a single assignment of error, appellant claims the trial court abused its discretion by dismissing an untimely petition that alleged violations of federal constitutional protections.
 {¶ 6} Under R.C. 2953.21(A)(2), a petition for postconviction relief seeking to vacate and set aside a conviction or sentence on the basis of an alleged violation of constitutional rights must be filed 180 days after the expiration of the time in which a direct appeal could have been filed if a direct appeal was not pursued. A petition filed beyond this deadline may not be considered unless the accused demonstrates either: (1) he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief, or (2) subsequent to the deadline, the United States Supreme Court recognized a new federal or state right that applies retroactively to individuals such as the accused. State v. Wesseler, Butler App. No. CA2001-08-087, 2001-Ohio-8638; R.C. 2953.23(A)(1).
 {¶ 7} Appellant filed his petition nine months after the statutory deadline. He has not demonstrated that he was unavoidably prevented from discovering the facts upon which his claim for relief is predicated. To the contrary, these allegations were raised in appellant's motion to suppress and could have been submitted for review had appellant directly appealed his conviction and sentence. In addition, appellant has not brought to our attention a new federal or state right recognized by the United States Supreme Court and retroactively applied to appellant.
 {¶ 8} A court lacks jurisdiction to consider an untimely petition where there is a failure to meet the criteria under R.C. 2953.23(A).Wesseler. See, also, State v. Hill (1998), 129 Ohio App.3d 658, appeal not allowed (1999), 84 Ohio St.3d 1470, 1999-Ohio-1014. Having determined that appellant failed to justify his untimely filing, we find that the trial court did not err in dismissing appellant's petition for lack of jurisdiction.
 {¶ 9} Appellant's sole assignment of error is accordingly over-ruled.
 {¶ 10} Judgment affirmed.
Powell, P.J., and Young, J., concur.