DECISION AND JUDGMENT ENTRY
Gerald A. Deer appeals the judgment entry of the Lawrence County Court of Common Pleas overruling his motion to withdraw his guilty plea, which the trial court treated as a petition for post-conviction relief under R.C. 2953.21. He assigns the following errors:
FIRST ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED BY TREATING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA FILED PURSUANT TO CRIMINAL RULE 32.1 AS A MOTION FOR POSTCONVICTION RELIEF PURSUANT TO R.C. 2953.21 AND THEN ERRED BY IMPOSING TIME LIMITATIONS TO FILE HIS MOTION TO WITHDRAW HIS GUILTY PLEA.
SECOND ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED BY FINDING THAT THE DOCTRINE OF RES JUDICATA PRECLUDED REVIEW OF APPELLANT'S CLAIMS FOR THE REASON THAT THE CLAIMS COULD HAVE BEEN RAISED AT TRIAL OR ON DIRECT APPEAL.
THIRD ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED WHEN IT DETERMINED THAT APPELLANT FAILED TO ESTABLISH THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE FACTS ON WHICH HE BASED HIS CLAIMS AND THEREFORE APPELLANT WAS NOT ENTITLED TO THE WAIVER PROVISIONS OF R.C. 2953.23(A)(1) AND (2) FOR UNTIMELY FILED PETITIONS.
FOURTH ASSIGNMENT OF ERROR
THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA WHEN IT FAILED TO APPLY THE "MANIFEST INJUSTICE" STANDARD FOR REVIEW PURSUANT TO CRIMINAL RULE 32.1 OF THE OHIO RULES OF CRIMINAL PROCEDURE, AND THE TRIAL COURT ERRED BY FAILING TO DETERMINE WHETHER APPELLANT'S CLAIMS VIOLATED THE UNITED STATES CONSTITUTION BY MERIT REVIEW.
Finding no merit in any of appellant's assignments of error, we affirm the judgment of the trial court.
In June 1998, appellant pled guilty to two counts of aggravated trafficking in drugs in violation of R.C. 2925.03, both third degree felonies; two counts of illegal use of food stamps in violation of R.C.2913.46(B), one a fourth degree felony and one a fifth degree felony; and one count of trafficking in marihuana in violation of R.C. 2925.03, a fourth degree felony. The court sentenced appellant to two years imprisonment for count one and three years imprisonment for count two, to be served consecutively. The court also sentenced appellant to ten months, sixteen months, and ten months incarceration for the remaining offenses, to be served concurrently. Though the court informed appellant of his right to appeal and to have appointed counsel assist with his appeal, he did not file a direct appeal.
Appellant filed numerous motions with the trial court following his sentencing, including two motions to modify his sentence and two motions for judicial release. These motions were all denied.
In March 2000, appellant filed a motion to withdraw his guilty plea. He asserted three reasons why the court should allow him to do so. First, appellant argued that the aggravated trafficking in drug counts were incorrectly charged as third degree felonies instead of fourth degree felonies because the amount of pills he was charged with selling did not exceed the bulk amount. Appellant argued that his counsel was ineffective in recommending that he plead to these charges and not investigating whether the state could prove the charges. Second, appellant argued that his counsel was ineffective as she failed to advise him that he could have presented an entrapment defense to the illegal use of food stamps charges. Third, appellant argues that the trial court violated his due process rights by basing its sentence on inaccurate and unsubstantiated information, including that appellant had shown no remorse, had served a prior prison term and had committed the charged offenses as part of organized criminal activity. Appellant also asserted that his trial counsel was ineffective for failing to investigate these facts and failing to object to the court's findings.
In its judgment entry, the trial court treated appellant's motion as a post-conviction relief petition and concluded that it was untimely filed. The court then determined that appellant did not satisfy the conditions that would allow it to consider such a petition even though untimely. The trial court also noted that even if appellant had satisfied the conditions for consideration of an untimely filed petition, the doctrine of res judicata bars his claims. Appellant filed a timely appeal from this entry.
In his first assignment of error, appellant contends that the trial court erred in treating his motion to withdraw his guilty plea as a post-conviction relief petition under R.C. 2953.21. We disagree.
Under R.C. 2953.21(A)(1), a convicted person may file a petition asking the sentencing court to vacate the judgment or sentence where the petitioner claims that there was an infringement of constitutional rights so as to render the judgment void or voidable. In State v. Reynolds
(1997), 79 Ohio St.3d 158, 160, the Ohio Supreme Court stated that "where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." Therefore, a defendant may not circumvent statutory requirements for post-conviction filings by captioning the request as something else. Statev. Dubois (Nov. 12, 1997), Wayne App. No. 97CA19, unreported. Numerous courts have concluded that a motion to withdraw a guilty plea under Crim.R. 32.1 must be treated as a post-conviction petition when it raises alleged constitutional errors. See, e.g., State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported; State v. Mollick (July 19, 2000), Lorain App. No. 99CA7315, unreported; State v. Weese (May 13, 1998), Medina App. Nos. 2742-M and 2760-M, unreported. But, see, Statev. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported (holding that a motion under Crim.R. 32.1 is not governed by R.C. 2953.21).
In State v. Hill (1998), 129 Ohio App.3d 658, 661, the First District Court of Appeals stated that:
* * * A post-sentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a post-conviction petition for relief. This court believes that this bright-line rule is not only compelled by the statutory law but alsonecessary to prevent abuse of the courts' resources. A litigant cannot be allowed to circumvent the legislatively mandated requirements of R.C.2953.21 by styling his action as a motion to withdraw a guilty plea, when it is in fact a motion for post-conviction relief. (Emphasis supplied.)
We agree.
Here, appellant brought his motion to withdraw his guilty plea approximately one and a half years after the time for a direct appeal and sought vacation of his guilty plea for various reasons. First, appellant asserted that the aggravated drug trafficking counts were incorrectly charged as third degree felonies rather than fourth degree felonies and that his trial counsel was ineffective because she failed to investigate whether the state could prove the charges as third degree felonies. R.C.2925.03 provides that:
(A) No person shall knowingly sell or offer to sell a controlled substance.
* * *
(C) Whoever violates division (A) of this section is guilty of one of the following:
(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, and hashish, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be as follows:
(a) Except as otherwise provided in division (C)(1)(b),(c),(d),(e), or (f) of this section, aggravated trafficking in drugs is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
* * *
(c) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds the bulk amount but is less than five times the bulk amount, aggravated trafficking in drugs is a felony of the third degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. * * *
* * *
R.C. 2925.01(D)(1)(d) defines the "bulk amount" as:
[a]n amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate or opium derivative.
Appellant sold less than twenty grams of percodan tablets; however, this does not mean that the amount of drugs was not equal to or in excess of "five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual * * *." To determine whether appellant was denied constitutionally effective assistance because of his attorney's failure to investigate whether the quantity of drugs sold by appellant met the bulk amount, we would be required to examine evidence not included in the record before us.
In State v. Cooperrider (1983), 4 Ohio St.3d 226, 228, the Supreme Court of Ohio held that ineffective assistance claims based on facts not appearing in the record must be raised through the post-conviction remedies of R.C. 2953.21. We agree with the other courts that have held that Crim.R. 32.1 motions that raise constitutional claims that require examination of matters outside the record, including ineffective assistance of counsel, must be treated as a motion for post-conviction relief. Therefore, the trial court correctly interpreted this portion of appellant's motion to withdraw his guilty plea as a post-conviction motion. Second, appellant argues that his counsel was ineffective because she failed to advise him of his entrapment defense as to the illegal use of food stamps charge. Again, the trial court could only determine the veracity of this constitutional claim by examining materials outside the record and conducting a hearing. Therefore, this claim would be subject to a post-conviction motion.
Lastly, appellant contends that the court violated his due process rights by basing his sentence on inaccurate and unsubstantiated information. Further, he asserts that his trial counsel was ineffective for failing to object to the court's statements at sentencing and for failing to investigate the truth of these statements prior to sentencing. To the extent that appellant raises constitutional claims of ineffectiveness of counsel, this argument should have been raised in a post-conviction motion and the trial court properly treated the motion as such.
For these reasons, we find that appellant's first and second grounds, as well as part of his third ground, for moving to withdraw his guilty plea were properly treated as post-conviction relief claims.
In his second assignment of error, appellant challenges the trial court's finding that the doctrine of res judicata also bars his claims. To the extent that we have found that the above claims were properly treated as post-conviction claims, we need not determine whether the court also properly denied them as barred by res judicata.
However, in his third claim, appellant challenges the sentence the court imposed on him. Specifically, appellant alleges that the court made erroneous findings to support his sentence. In State v. Perry (1967),10 Ohio St.2d 175, syllabus, the Supreme Court of Ohio held:
Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could havebeen raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment. (Emphasis added.)
Appellant could have challenged the trial court's alleged sentencing errors on direct appeal but failed to do so. Therefore, the claim that the court based appellant's sentence on erroneous and unsubstantiated information would be barred by res judicata.
For these reasons, appellant's first and second assignments of error are overruled. The court properly determined that appellant's claims should be treated as post-conviction claims or were barred by resjudicata.
In his third assignment of error, appellant asserts that the trial court erred when it failed to waive the time limit provisions of R.C. 2953.23(A)(1) and (2). Again, we disagree.
R.C. 2953.21(A)(2) requires that a petition for post-conviction relief be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. The trial court sentenced appellant on July 8, 1998. His notice of appeal was due within thirty days of the conviction. See App.R. 4(A). He did not file his motion to withdraw his guilty plea until March 30, 2000, well outside the one hundred eighty day limit for filing a post-conviction relief petition. Therefore, appellant's motion was untimely.
Under R.C. 2953.23(A), a trial court is forbidden to entertain an untimely petition for post-conviction relief unless it meets certain conditions: (1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.
A review of appellant's petition reveals that the trial court correctly concluded that appellant did not meet the first prong of R.C. 2953.23(A). According to appellant, he did not discover the errors alleged in his motion because he relied on his trial counsel's advice for a lengthy period of time and did not realize the trial court had stated several inapplicable factors during sentencing until he examined the complete record for purposes of filing his motion. Even assuming these explanations are true, they do not rise to the level of "unavoidable." Appellant simply did not inquire into the facts surrounding his plea; he was not denied the opportunity to do so and no information which was unavailable at the time of sentencing or immediately following it has suddenly become available. Further, appellant has not argued that any rulings by the United States Supreme Court have recognized a new federal or state right that applies to him.
As appellant has not met the first prong of the test, we need not determine whether he has met the second prong. The trial court correctly found that appellant's post-conviction petition was not timely filed and that he did not meet the conditions for allowing an untimely petition. Therefore, appellant's third assignment of error is overruled.
In his fourth assignment of error, appellant contends that the court erred in failing to apply the "manifest injustice" standard of review pursuant to Crim.R. 32.1 and failing to address the merits of his claims. As discussed in the first two assignments of error, the trial court properly treated appellant's motion as a post-conviction petition or denied the claims as barred by res judicata. Consequently, the court did not err in failing to consider appellant's motion under the standard set forth in Crim.R. 32.1 for motions to withdraw guilty pleas. Further, because appellant's motion was untimely, the court had no jurisdiction to consider the merits of appellant's claims. Appellant's fourth assignment of error is overruled.
Having found no merit in any of appellant's assigned errors, we affirm the judgment of the trial court.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans J.: Concur in Judgment and Opinion
 _______________________ William H. Harsha, Judge