**The STATE of Ohio, Appellee,**

v.

**WALTERS, Appellant.**

[Cite as *State v. Walters* (2000), 138 Ohio App.3d 715.]

Court of Appeals of Ohio,
Fifth District, Coshocton County.

No. 99 CA 11.

Decided July 31, 2000.

*Brian A. Reali,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Hyrum J. Mackay,* Assistant Public Defender, for appellant.

WISE, Judge.

Appellant Mark Walters appeals the decision of the Court of Common Pleas, Coshocton County, which denied his motion to withdraw a prior plea of guilty.

Appellant was indicted by the Coshocton County Grand Jury on one count of aggravated arson on June 7, 1993. On August 19, 1993, following pretrial proceedings and negotiations, appellant pled guilty to the reduced charge of arson. In exchange for this plea, the state moved to dismiss one count of domestic violence. The court accepted the plea, granted the state's motion, and sentenced appellant to five to fifteen years in prison. Appellant did not file a timely direct appeal therefrom.

On February 2, 1994, appellant moved to withdraw his guilty plea. The court denied this motion on March 24, 1994, on the grounds that appellant had failed to demonstrate any need to correct a manifest injustice. Between October 1993 and December 1997, appellant unsuccessfully sought super shock probation. Appellant again filed a motion to withdraw his guilty plea on March 16, 1999. The trial court denied appellant's motion on April 21, 1999, without conducting an evidentiary hearing. Appellant timely filed a notice of appeal and herein raises the following assignment of error for our consideration.

"I. The trial court erred in denying Mr. Walters' motion to withdraw a guilty plea, which guilty plea was given without the benefit of effective assistance of

counsel, and erred in failing to conduct a hearing upon the motion to withdraw the guilty plea."

I

■ Appellant contends in his assignment of error that the trial court erred in denying his motion to withdraw his guilty plea without conducting an evidentiary hearing. Appellant specifically states in his brief that he based his motion on the argument that his counsel's ineffectiveness rendered his plea involuntary, thus violating his Sixth Amendment right to due process under the U.S. Constitution.

■ Under R.C. 2953.21(A)(1), a person who has been convicted of a criminal offense and who claims that there was such an infringement of constitutional rights as to render the judgment void or voidable may file a petition asking the sentencing court to vacate the judgment or sentence. In *State v. Hill* (1998), 129 Ohio App.3d 658, 660, 718 N.E.2d 978, 979, the court noted: "[R]egardless of how a motion is captioned, 'where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *Id.*, quoting *State v. Reynolds* (1997), 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus. Thus, "[a] postsentence motion to withdraw a guilty plea, based on allegations of constitutional violations, must be filed before the expiration of the time for a direct appeal. Otherwise such a motion is a postconviction petition for relief." *Hill* at 661, 718 N.E.2d at 980.

In this case, appellant's motion meets the criteria for a postconviction petition. He filed his motion after the time for his direct appeal had expired and specifically seeks vacation of his sentence on the constitutional basis that his plea was involuntary "due to a violation of his right to the effective assistance of counsel." Appellant also presents evidence of counsel's alleged ineffectiveness that is outside the record. Hence, we conclude that appellant's motion to withdraw his guilty plea must be considered a postconviction petition for relief. Although appellant filed a motion to withdraw his guilty plea, the substance and timing of his motion make it a petition for postconviction relief as defined by R.C. 2953.21.

■ Appellant was convicted of arson on August 19, 1993. Thus, we interpret appellant's motion, filed on April 12, 1999, as an untimely petition for postconviction relief. A petitioner seeking postconviction relief must file a timely petition under the statutory requirements of R.C. 2953.21(A)(2):

"A petitioner under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the

court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

Further, appellant failed to assert that he should have been allowed to file a delayed postconviction petition under R.C. 2953.23(A). To be afforded such relief, a petitioner must show that he was either unavoidably prevented from discovery of the facts upon which the petitioner must rely, or that the Supreme Court of the United States recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1). A petitioner must also demonstrate by clear and convincing evidence that no factfinder would have found the petitioner guilty of the offense for which he was convicted, but for the constitutional error at trial. R.C. 2953.23(A)(2).

Consequently, the trial court lacked jurisdiction to consider the merits of appellant's claim of ineffective assistance of counsel on his plea. See *State v. Chupp* (July 3, 2000), Holmes App. No. 99–CA–12, unreported, 2000 WL 968507; *State v. Lewis* (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported, 1999 WL 66209. Therefore, we additionally find no merit in appellant's assertion that the court erred in failing to conduct an evidentiary hearing under the circumstances presented.

Because the motion to withdraw plea was untimely, we affirm the dismissal of said motion, even though the trial court relied on other grounds to deny relief. Appellant's Assignment of Error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed.

*Judgment affirmed.*

Gwin, P.J., and Farmer, J., concur.