OPINION
The defendant-appellant, Amy Sue Northern ("appellant") appeals from the judgment of the Allen County Court of Common Pleas denying her motion to withdraw her guilty plea and order a new trial. Due to the fact that a procedural defect exists in this matter, we are unable to address the merits of the appellant's case and must affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. In June of 1990, the appellant was indicted on one count of aggravated murder, in violation of R.C. 2903.01(A). Pursuant to a negotiation with the State, on November 6, 1990, the appellant pled guilty to an amended charge of murder, in violation of R.C. 2903.02. The appellant was sentenced to fifteen (15) years to life. The appellant did not file a direct appeal in this matter.
On June 26, 2000, the appellant was considered for parole, at which time she was denied parole, in part or in whole because of her parole eligibility "score," which was based upon the Ohio Adult Parole Authority Guidelines, which had taken effect on March 1, 1998. The appellant's offense behavior rating was a Category 13, putting her in a guideline range of 300 months to life. However, due to her cooperation with authorities, she was given a departure of 60 months. The appellant will next be considered for parole after she has served 240 months.
On November 15, 2000, the appellant filed a motion to withdraw her guilty plea. The appellant contends that the State of Ohio, through the Adult Parole Authority ("APA"), violated the terms of the plea agreement by classifying her according to the charge for which she was originally indicted, aggravated murder, rather than murder, the charge she actually pled guilty to. The appellant maintains that the standards set by the APA in reviewing her parole eligibility were unfair and rendered her guilty plea less than knowing, intelligent and voluntary.
The trial court denied the appellant's motion on December 13, 2000, without hearing. It is from this judgment that the appellant now appeals, asserting two assignments of error.
 Assignment of Error No. 1 The trial court erred to the prejudice of the appellant when it overruled the appellant's motion to withdraw guilty plea where the evidence demonstrates that the State has materially violated the explicit and implicit terms of the appellant's plea agreement to be convicted of and punished for a lesser offense of the originally indicted offense; where the appellant's postsentence circumstances demonstrate the existence of a manifest injustice; and where the breach of plea agreement has rendered the appellant's guilty plea less than a knowing, voluntary, and intelligent plea.
 Assignment of Error No. 2 The trial court erred to the prejudice of the appellant when it denied appellant's motion to withdraw guilty plea without a hearing.
 A motion to withdraw a plea of guilty is governed by the standards set forth in Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. However, under certain circumstances, it appears as though a defendant will be precluded from employing Crim.R. 32.1 in an attempt to vacate a conviction and sentence stemming from a previously entered plea of guilty or no contest. Specifically, the Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
As a result of the Court's holding in Reynolds, courts across the state, including this court, have held that a motion to withdraw a guilty plea, filed outside the time for direct appeal and which seeks vacation of conviction and sentence based upon an alleged constitutional violation, must be reviewed as a petition for post-conviction relief, regardless of how the motion is captioned. State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported; see, e.g., State v. Deer (March 2, 2001), Lawrence App. No. 00CA24, unreported; State v. Walters (1998),138 Ohio App.3d 715, discretionary appeal not allowed (2000),90 Ohio St.3d 1479; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Hill (1998), 129 Ohio App.3d 658, discretionary appeal not allowed (1999), 84 Ohio St.3d 1470.[1]
In the case sub judice, the appellant captioned her motion as a motion to withdraw guilty plea pursuant to Crim.R. 32.1. However, the crux of the appellant's motion is that her plea was not entered into knowingly or intelligently because of her lack of knowledge concerning the APA's handling of her parole classification. The Due Process Clause of the United States Constitution mandates that a plea of guilty be entered into knowingly and intelligently. See Parke v. Raley (1992), 506 U.S. 20. It logically follows then that an assertion that a guilty plea was not entered into knowingly or intelligently is constitutional in nature.Bush, supra. Therefore, in accordance with the discussion above, the appellant's motion must be construed as a petition for post-conviction relief.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal." The appellant was sentenced on November 7, 1990. The appellant did not file her petition until November 15, 2000, over ten years later, well after the time limits had expired.
According to R.C. 2953.23(A), a court may not entertain an untimely petition unless the petitioner can show, among other things, that she was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. The appellant's petition in this case fails to fall under either of these exceptions.
Consequently, we must conclude that the appellant failed to file a timely petition for post-conviction relief. As such, the trial court lacked jurisdiction to consider the issues contained therein. See Bush,supra, at **7. Even though the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of the appellant's untimely petition. Id.; Hill, 129 Ohio App.3d at 661.
Accordingly, both of the appellant's assignments of error are overruled.
While in the interest of stare decisis we are following the previous decision rendered in State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported, it must be noted that this Court, sua sponte, certified that cause to the Supreme Court of Ohio. Bush was certified as being in conflict with (1) State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported and (2) State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, on the issue of whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations. That matter is currently pending before the Supreme Court of Ohio.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of trial court is affirmed.
 _______________ HADLEY, J.
WALTERS, P.J., concurs.
[1] It must be noted that the Second and Eleventh District Court of Appeals have ruled contrary to Reynolds and held that the time constraints of R.C. 2953.21 and R.C. 2953.23 should not apply to motions made under Crim.R. 32.1. See, State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported and State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported.