OPINION
The defendant-appellant, Cheryl Bass ("appellant") appeals from the judgment of the Hardin County Court of Common Pleas denying her motion to modify sentence. The trial court also denied the appellant's alternate request to set aside her plea of guilty and order a new trial. Due to a procedural defect, we are unable to address the merits of the appellant's case and must affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. On September 12, 1989, the appellant pled guilty to four counts of aggravated vehicular homicide, in violation of R.C. 2903.06(A), with the specification that she was under the influence of alcohol, and one count of driving under the influence of alcohol, in violation of R.C.4511.19(A)(1). In return for her plea, the State dismissed six other charges. The appellant was sentenced to two to five years on each of the aggravated vehicular homicide charges, each sentence to be served consecutively, and one year on the DUI charge to be served concurrently with the other sentences.
On May 12, 2000, the appellant filed a motion to modify her sentence to reflect the sentencing, which she alleged, that the court actually intended to impose.[1] In the alternative, the appellant asked the court to set aside her guilty pleas and order a new trial in this matter. The appellant contends that maximum term of incarceration was never explained to her and that her constitutional rights were violated as her pleas were not knowing, voluntary and intelligent.
A hearing was held in this matter on October 4, 2000. At the conclusion of the hearing, the trial court took the matter under advisement and on October 6, 2000 issued a judgment entry denying the appellant's motion. It is from this judgment that the appellant now appeals asserting four assignments of error.
 Assignment of Error Number 1 The trial court committed prejudicial error by accepting ex parte judgment entry which was not submitted to defendant or her attorney.
 Assignment of Error Number 2 Appellant's plea was not voluntary, knowing, and intelligent and thereby violates substantive and procedural due process under the Fifth and Fourteenth Amendments of the United States Constitution and under Article One, Section Ten of the Ohio Constitution.
 Assignment of Error Number 3 The trial court committed prejudicial error by failing to ask appellant whether she wishes to exercise the right of allocation created by Crim.R. 32(A).
 Assignment of Error Number 4 The interests of justice require that this case be reversed and remanded for re-sentencing.
 A motion to withdraw a plea of guilty is governed by the standards set forth in Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
 Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. However, under certain circumstances, it appears as though a defendant will be precluded from employing Crim.R. 32.1 in an attempt to vacate a conviction and sentence stemming from a previously entered plea of guilty or no contest. Specifically, the Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
 State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus.
As a result of the Court's holding in Reynolds, courts across the state, including this court, have held that a motion to withdraw a guilty plea, filed outside the time for direct appeal and which seeks vacation of conviction and sentence based upon an alleged constitutional violation, must be reviewed as a petition for post-conviction relief, regardless of how the motion is captioned. State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported; State v, Northern (June 14, 2001), Allen App. No. 1-01-01, unreported; see, e.g., State v. Deer (March 2, 2001), Lawrence App. No. 00CA24, unreported; State v. Walters (1998),138 Ohio App.3d 715, discretionary appeal not allowed (2000),90 Ohio St.3d 1479; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP0-109, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported; State v. Hill (1998), 129 Ohio App.3d 658, discretionary appeal not allowed (1999), 84 Ohio St.3d 1470.[2]
In the case sub judice, the appellant captioned her motion as a motion to set aside her guilty pleas. However, the crux of the appellant's motion is that her plea was not entered into knowingly or intelligently because of the trial court's failure to fully explain the possible maximum term of incarceration. The Due Process Clause of the United States Constitution mandates that a plea of guilty be entered into knowingly and intelligently. See Parke v. Raley (1992), 506 U.S. 20. It logically follows then that an assertion that a guilty plea was not entered into knowingly or intelligently is constitutional in nature.Bush, supra. Therefore, in accordance with the discussion above, the appellant's motion must be construed as a petition for post-conviction relief.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal." The appellant was sentenced on September 12, 1989. The appellant did not file her petition until May 12, 2000, over nine years later, well after the time limits had expired.
According to R.C. 2953.23(A), a court may not entertain an untimely petition unless the petitioner can show, among other things, that she was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. The appellant's petition in this case fails to fall under either of these exceptions.
Consequently, we must conclude that the appellant failed to file a timely petition for post-conviction relief. As such, the trial court lacked jurisdiction to consider the issues contained therein. See Bush,supra, at **7. Even though the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of the appellant's untimely petition. Id.; Hill, 129 Ohio App.3d at 661.
Accordingly, the appellant's four assignments of error are overruled.
While in the interest of stare decisis we are following the previous ruling rendered in State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported, it must be noted that this Court, sua sponte, certified that cause to the Supreme Court of Ohio. Bush was certified as being in conflict with (1) State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported and (2) State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported, on the issue of whether a motion made pursuant to Crim.R. 32.1 is subject to the time constraints contained in R.C. 2953.21 and R.C. 2953.23 and must be treated as a petition for post-conviction relief in the event that the time for direct appeal has passed and the motion is based upon alleged constitutional violations. That matter is currently pending before the Supreme Court of Ohio.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of trial court is affirmed.
 ____________________ HADLEY, J.
SHAW, J., concurs in judgment only.
[1] This motion made by the appellant is completely unfounded and without any basis whatsoever. The appellant fails to even address this contention in either the trial court or this Court. As such, we will not address the issue.
[2] It must be noted that the Second and Eleventh District Court of Appeals have ruled contrary to Reynolds and held that the time constraints of R.C. 2953.21 and R.C. 2953.23 should not apply to motions made under Crim.R. 32.1. See, State v. Cale (Mar. 23, 2001), Lake App. No. 2000-L-034, unreported and State v. Talley (Jan. 30, 1998), Montgomery App. No. 16479, unreported.
BRYANT, J., concurs separately.
BRYANT, J., concurs separately. I concur separately in judgment of affirmance only because appellant has filed no transcript of the plea and sentencing proceeding and thus, if we were to retain the appeal, we would be unable to conduct the necessary review. Were it otherwise, for the reasons stated in Judge Shaw's dissenting opinion in State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported, I believe we should retain and decide the appeal.