JOURNAL ENTRY AND OPINION
Appellant Robert D. Smith appeals, pro se, from the trial court order that denied his post-sentence motion to withdraw his plea of guilty to one count of attempted felonious assault.
Mr. Smith contends the trial court's order was improper on the basis that his plea was not knowingly, voluntarily and intelligently made. Specifically, Mr. Smith contends that he was under the influence of drugs and alcohol at his plea hearing and that he was told by his counsel that he would only receive a sentence of thirty days in a program for alcoholics. This court has reviewed the record and cannot find the trial court's order was unjustified; therefore, it is affirmed.
Mr. Smith's conviction results from an incident that occurred on June 14, 1996. The record reflects Mr. Smith became involved in an altercation with another individual and stabbed him. As a result of this incident, Mr. Smith was indicted on one count of felonious assault, R.C. 2903.11, with three specifications: specification one for violence, specification two for violence, and specification three for an aggravated felony dating to 1977. Mr. Smith entered a not guilty plea at his arraignment and defense counsel was assigned to represent him.
On October 1, 1996, the parties notified the trial court that a plea agreement had been reached and that Mr. Smith would plead guilty to attempted felonious assault, R.C. 2903.11 and R.C. 2923.02, with all specifications deleted. On November 14, 1996, Mr. Smith was sentenced to a term of four to ten years.
On March 24, 2000, nearly four years after pleading guilty, Mr. Smith, pro se, filed a motion to withdraw his guilty plea claiming that his plea was not knowingly, voluntarily and intelligently made in that he received ineffective assistance of counsel. On November 30, 2000, the trial court dismissed the motion without a hearing. It is from that decision that Mr. Smith now appeals and raises two assignments of error for our review:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA IN VIOLATION OF HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE U.S. CONSTITUTION AND ARTICLE ONE, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.
Mr. Smith contends that his guilty plea should be invalidated, claiming it was not knowingly, voluntarily or intelligently made since he was under the influence of drugs and alcohol on the day he pleaded guilty. Mr. Smith also contends that he received ineffective assistance of counsel since his attorney failed to investigate his case and told him that his sentence would only be thirty days in a program for alcoholics.
A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1 which state:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261. However, under certain circumstances, a defendant will be precluded from employing Crim.R. 32.1 in an attempt to vacate a conviction and sentence stemming from a previously entered plea of guilty. Specifically, the Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21.
State v. Reynolds (1997), 79 Ohio St.3d 158.
As a result of the Court's holding in Reynolds, this court has held that if a motion to withdraw a guilty plea is filed outside the time for a direct appeal and it alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post-conviction relief under R.C. 2953.21. State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported. See, also, State v. Hill (1998), 129 Ohio App.3d 658; State v. Walters (1998),138 Ohio App.3d 715; State v. Deer (March 2, 2001), Lawrence App. No. 00CA24, unreported;State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported.
Here, Mr. Smith captioned his motion as a motion to withdraw guilty plea pursuant to Crim.R. 32.1. However, the memorandum in support states that the motion is based upon a claim that the pleas were not entered knowingly or intelligently because he received ineffective assistance of counsel and he was under the influence of drugs and alcohol on the day he pleaded guilty.
The Due Process Clause of the United States Constitution mandates that a plea of guilty be entered into knowingly and intelligently. See Parke v. Raley (1992), 506 U.S. 20. Thus, an assertion that a guilty plea was not entered into knowingly or intelligently is constitutional in nature. State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported; State v. Deer, supra; State v. Walters, supra. Therefore, in accordance with the discussion above, Mr. Smith's motion must be construed as a petition for post-conviction relief.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post-conviction relief "shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal." Mr. Smith was sentenced on November 19, 1996. Mr. Smith did not file his petition until March 24, 2000, nearly four years later, well after the time limits had expired.
According to R.C. 2953.23(A), a court may not entertain an untimely petition unless the petitioner can show, among other things, that he was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner. Mr. Smith's petition in this case fails to fall under either of these exceptions. Accordingly, Mr. Smith's petition for post-conviction relief is untimely. As such, the trial court lacked jurisdiction to consider the issues contained therein. See Gaddis, supra at *5. Even though the trial court did not articulate the foregoing as a basis for its decision, we affirm the denial of Mr. Smith's untimely petition. Id.; State v. Hill, supra.
Accordingly, both of Mr. Smith's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and ANN DYKE, J., CONCUR.