JOURNAL ENTRY AND OPINION
Defendant-appellant, William Jackson, appeals the judgment of the Cuyahoga Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.
On March 28, 1995, appellant was arraigned on multiple counts of felonious sexual penetration, in violation of R.C. 2907.12, and rape, in violation of R.C. 2907.02, involving two victims under the age of thirteen.
On April 10, 1995, as part of a plea agreement, appellant pled guilty to one count of felonious sexual penetration and one count of sexual battery, in violation of R.C. 2907.03. The remaining counts were nolled. On April 21, 1995, the trial court sentenced appellant to a prison term of five to twenty-five years on the first charge and two years on the second charge, the sentences to be served concurrently.
Appellant did not file a direct appeal of his conviction.
On December 17, 1999, after a hearing, the trial court adjudicated appellant to be a sexual predator pursuant to R.C. 2950.09(C).
On October 31, 2000, more than five years after pleading guilty, appellant filed a motion for leave to withdraw his guilty plea pursuant to Crim.R. 32.1, claiming that his counsel was ineffective, thus violating his Sixth and Fourteenth Amendment rights to due process under the United States Constitution. Appellant also claimed that the State had breached the contractual plea agreement between him and the State when the Ohio Adult Parole Authority, as a result of subsequent changes in the law, placed appellant in offense level category ten, rather than offense level category nine, thereby requiring him to serve between one hundred twenty and one hundred eighty months, rather than eighty-four to one hundred twenty months, before being eligible for parole.
On December 12, 2000, the trial court entered an order denying appellant's motion without a hearing. In its findings of fact and conclusions of law, the trial court noted that appellant had the burden of proving a manifest injustice. The trial court concluded that there was an undue delay between appellant's sentencing and the filing of the motion to withdraw his guilty plea which, coupled with the self-serving statements in his affidavit, adversely affected [appellant's] credibility and the weight of the assertions in his affidavit. The trial court stated that it had found nothing in the record which would indicate anything other than [appellant] knew and understood the charges he was pleading to, that no promises were made about sentencing and that [appellant] had ample opportunity to voice any objection he had to the plea * * *. Accordingly, the trial court denied appellant's motion.
Appellant timely appealed from this order, raising three assignments of error for our review:
 I. WHETHER AN ACTION FILED, LITIGATED, AND ADJUDICATED IN A LOWER COURT AS A CRIMINAL PROCEEDING FILED PURSUANT TO CRIMINAL RULE 32.1, CAN LATER BE CONSTRUED `ON APPEAL' AS A CIVIL POST CONVICTION RELIEF PROCEEDING WHERE BY DOING SO THE APPELLANT WOULD HAVE NO RIGHT OR ABILITY TO MODIFY OR AMEND HIS LOWER COURT PLEADINGS TO COMPLY WITH CIVIL RULE.
 II. WHETHER THE TRIAL COURT ERRED THEREBY VIOLATING PROCEDURAL DUE PROCESS BY FAILING TO ACCORD THE DEFENDANT THE REQUIRED HEARING ON HIS *CRIMINAL RULE 32.1 MOTION TO WITHDRAW GUILTY PLEA. SEE STATE v. BLATNIK[,] 17 OHIO APP.3d 201, 204.
 III. WHETHER THE TRIAL COURT VIOLAT[ED] DEFENDANT'S *DUE PROCESS RIGHTS WHEN IT FAILED TO GRANT RELIEF ON TO DEFENDANT ON THE BASIS OF A `PRIMA FACIE BREACH' OF THE `CONTRACTUAL PLEA AGREEMENT' WHICH WAS MADE BETWEEN THE DEFENDANT AND THE STATE OF OHIO. SEE: RANDOLPH v. OHIO ADULT PAROLE AUTHORITY, ET AL. ID.
A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 265. Under certain circumstances, however, a defendant will be precluded from employing Crim.R. 32.1 in an attempt to vacate a conviction and sentence stemming from a previously entered guilty plea. Specifically, the Supreme Court of Ohio has held:
 Where a criminal defendant, subsequent to his or her direct appeal files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post conviction relief as defined in R.C. 2953.21. State v. Reynolds (1997), 79 Ohio St.3d 158, 160.
In light of Reynolds, supra, this court has held that if a motion to withdraw a guilty plea is filed after the expiration of time for a direct appeal and alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for post conviction relief under R.C. 2953.21. State v. Smith (Sept. 13, 2001), Cuyahoga App. No. 79028, unreported; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported. See, also, State v. Hill (1998), 129 Ohio App.3d 658; State v. Walters (1998), 138 Ohio App.3d 715; State v. Deer(Mar. 2, 2001), Lawrence App. No. 00CA24, unreported; State v. Phelps (Sept. 26, 2000), Franklin App. No. 00AP-109, unreported; State v. Lewis (Feb. 9, 1999), Lorain App. No. 98CA007007, unreported.
Here, although captioned as a motion to withdraw a guilty plea pursuant to Crim.R. 32.1, the substance and timing of appellant's motion require us to construe it as a petition for post conviction relief. First, appellant specifically alleges that his counsel's ineffectiveness violated his constitutional right to due process as set forth in the Sixth andFourteenth Amendments to the United States Constitution. Moreover, appellant's motion was clearly filed after the time for a direct appeal had passed. Therefore, we must consider the motion under R.C. 2953.21.
R.C. 2953.21(A)(2) provides, in relevant part, that if a direct appeal is not taken, as in this case, a petition for post conviction relief shall be filed no later than one hundred and eighty days after the expiration of the time for filing the appeal. Appellant was sentenced on April 21, 1995. Appellant did not file his petition until October 31, 2000, more than five years later, well after the time limits had expired. Accordingly, we hold that appellant did not timely file his petition for post conviction relief and, therefore, the trial court lacked jurisdiction to consider the motion.
We reject appellant's assertion that considering his motion as a petition for post conviction relief, rather than a motion to withdraw a guilty plea, constitute[s] a denial of procedural due process and fundamental fairness because he was not afforded an opportunity to amend his motion in the trial court to conform with the pleading requirements for post conviction relief petitions.
A trial court may dispense with the time limitations of R.C. 2953.21 if the petitioner demonstrates either that he was unavoidably prevented from discovery of the facts upon which the claim for relief is based or that the United States Supreme Court has recognized a new state or federal right that applies retroactively to persons in the petitioner's position. See R.C. 2953.23(A). A petitioner must also demonstrate by clear and convincing evidence that no factfinder would have found him guilty of the offense for which he was convicted but for the constitutional error at trial. R.C. 2953.23(A)(2).
In the affidavit attached to his motion, appellant alleged that his trial counsel was ineffective because he: 1) induced appellant to enter a guilty plea by representing to him that he would serve only three years and four months in prison; 2) did not discuss possible defenses to the charges with him; 3) did not pursue exculpatory scientific evidence; 4) did not interview potential witnesses; and 5) failed to consider or investigate an alibi even though appellant was not living in the area at the time of the offenses.
It is obvious that all of these allegations regarding counsel's alleged ineffectiveness could have been immediately apparent to appellant upon sentencing and, therefore, he was not unavoidably prevented from discovering them or asserting them as a basis for his motion. Moreover, since appellant's sentencing, the United States Supreme Court has not recognized a new state or federal right applicable to appellant. Accordingly, even if the trial court had allowed appellant to amend his untimely petition, there was no possible amendment that could have demonstrated that appellant should have been allowed to file a delayed petition.
Construed as a post conviction petition, appellant's petition must be dismissed as untimely. Therefore, although the trial court did not rely on timeliness as a basis for dismissing the petition, we affirm the denial of appellant's motion. The assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and TERRENCE O'DONNELL, J., CONCUR.