OPINION
Appellant Bruce A. Steward appeals the decision of the Court of Common Pleas, Richland County, which overruled his motion to withdraw his no contest plea following a conviction for felonious assault. The relevant facts leading to this appeal are as follows.
In September 1994, appellant was indicted by the Richland County Grand Jury on one count of felonious assault in violation of R.C. 2903.11. On October 26, 1994, appellant changed his previous plea of not guilty and entered a plea of no contest to the charge in the indictment, and was thereafter sentenced to five to fifteen years in prison. Over six years later, on March 30, 2001, appellant filed a motion to vacate the sentence, arguing it was invalid and void. The trial court overruled his motion. This Court denied appellant's appeal therefrom. See State v.Steward (March 5, 2002), Richland App. No. 01CA55, unreported.
On July 10, 2001, appellant filed a motion to withdraw his prior plea of no contest, citing Crim.R. 32.1. Appellant alleged that the underlying plea bargain agreement had been breached, i.e., that his trial counsel led him to believe that his plea would result in just a three to fifteen year sentence. Appellant also asserted that his plea had not been entered into voluntarily and intelligently, and that he had received ineffective assistance of counsel. On December 11, 2001, the trial court issued a judgment entry overruling appellant's motion to withdraw his no contest plea. Appellant timely appealed, and herein raises the following four Assignments of Error:
 I. THE TRIAL COURT PREJUDICIALLY ERRED BY CONSTRUING APPELLANT'S POST-SENTENCE MOTION TO WITHDRAW HIS NO CONTEST PLEA, FILED PURSUANT TO CRIM. R. 32.1, AS A PETITION FOR POST-CONVICTION RELIEF UNDER R.C. 2953.21.
 II. APPELLANT'S NO CONTEST PLEA WAS INVOLUNTARILY AND UNINTELLIGENTLY ENTERED IN THAT PART OF THE PLEA BARGAIN AGREEMENT WHICH INDUCED PLEA WAS NOT FULFILLED.
 III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE COUNSEL WHEN ENTERING HIS NO CONTEST PLEA.
 IV. THE TRIAL COURT PREJUDICIALLY ERRED IN FAILING TO CONDUCT AN EVIDENTIARY HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.
 I
In his First Assignment of Error, appellant contends that the trial court erred by construing his Crim.R. 32.1 motion as a petition for post-conviction relief. We disagree.
"[R]egardless of how a motion is captioned, `where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.'" State v.Walters (2000), 138 Ohio App.3d 715, 717, discretionary appeal not allowed (2000), 90 Ohio St.3d 1479, quoting State v. Reynolds (1997),79 Ohio St.3d 158, syllabus, and State v. Hill (1998), 129 Ohio App.3d 658,660.
Based on our review of the record, we interpret appellant's motion of July 10, 2001, as a petition for postconviction relief. A petitioner seeking postconviction relief must file a timely petition under the statutory requirements of R.C. 2953.21(A)(2): "A petitioner under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Thus, appellant's motion is untimely, and we concur with the trial court's assessment that appellant's claims regarding the original plea arrangement failed to demonstrate grounds to file a delayed postconviction petition under R.C. 2953.23(A). To be afforded such relief, a petitioner must show that he was either unavoidably prevented from discovery of the facts upon which the petitioner must rely, or that the Supreme Court of the United States recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1). A petitioner must also demonstrate by clear and convincing evidence that no factfinder would have found the petitioner guilty of the offense for which he was convicted, but for the constitutional error at trial. R.C. 2953.23(A)(2).
The trial court did not err by construing appellant's Crim.R. 32.1 motion as a petition for post-conviction relief. Appellant's First Assignment of Error is overruled.
 II, III
In his Second and Third Assignments of Error, appellant argues that his 1994 plea was not voluntarily and intelligently made, and that he was denied the effective assistance of counsel at that time. However, as we have found no error in the trial court's decision to overrule appellant's Crim.R. 32.1 motion as an untimely petition for post-conviction relief, we need not address the merits of these assigned errors. An appellate court is not required to render an advisory opinion on a moot question or abstract proposition or to rule on a question of law that cannot affect matters at issue in a case. State v. Bistricky (1990), 66 Ohio App.3d 395,397; see, also, Travis v. Pub. Util. Comm. of Ohio (1931),123 Ohio St. 355, paragraph two of the syllabus. Appellant's Second and Third Assignments of Error are therefore overruled.
 IV
In his Fourth Assignment of Error, appellant contends the trial court erred in failing to grant an evidentiary hearing on his Crim.R. 32.1 motion. We disagree.
Based on the untimeliness of appellant's motion, the trial court lacked jurisdiction to consider the merits of his claims. See State v. Chupp
(July 3, 2000), Holmes App. No. 99-CA-12, unreported; State v. Lewis
(Feb. 9, 1999), Lorain App. No. 98CA007007, unreported. Therefore, we find no merit in appellant's assertion that the court erred in failing to conduct an evidentiary hearing under the circumstances presented.
Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby affirmed.
By: WISE, J. GWIN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.