JOURNAL ENTRY and OPINION
Victor Wangul appeals from a judgment of the common pleas court which denied his motion to withdraw guilty plea. On appeal, he argues that the court erred in treating his motion as a petition for postconviction relief, applying R.C. 2953.21, and dismissing it as untimely, urging that he properly filed it under Crim.R. 32.1.
After thorough review of the record, we have concluded that Wangul's motion constituted an untimely petition for postconviction relief, that Crim.R. 32.1 is inapplicable, and that the court properly dismissed his motion pursuant to R.C. 2953.21. Accordingly, we affirm the judgment of the trial court.
The record before us reveals that, on April 10, 1995, a grand jury indicted Wangul for theft. Thereafter, he entered a plea of guilty to that charge, and on November 28, 2000, the trial court sentenced him to four to 15 years.
On September 4, 2001, Wangul filed a motion styled, motion to withdraw plea of guilty pursuant to Crim.R. 32.1; in response, the state filed a motion to dismiss Wangul's motion to withdraw, claiming that it constituted an untimely petition for postconviction relief because he failed to file it within the 180-day period set forth in R.C.2953.21(A)(2). On October 30, 2001, the court granted the state's motion to dismiss Wangul's motion to withdraw, and denied Wangul's motion as moot.
Wangul now appeals, raising one assignment of error for our review. It states:
 DEFENDANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW WHEN HIS MOTION TO WITHDRAW PLEA OF GUILTY PURSUANT TO CRIM.R. 32.1 WAS DENIED AS MOOT.
Wangul argues that the court erred in applying R.C. 2953.21 to this case and dismissing his motion as an untimely petition for postconviction relief. He maintains that his motion satisfied the requirements of Crim.R. 32.1.
The state counters that, pursuant to State v. Reynolds (1997),79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131, and its progeny, Wangul's motion must be treated as a petition for postconviction relief and, because he failed to file it within 180 days of his sentence and conviction, the court properly dismissed it as untimely.
In the syllabus of Reynolds, the court stated:
 Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21. (Emphasis added.)
Relying on the phrase subsequent to his or her direct appeal, Wangul urges that Reynolds does not apply to this case because he never filed a direct appeal. However, as we stated in State v. Jackson (Nov. 29, 2001), Cuyahoga App. No. 79072:
 In light of Reynolds, supra, this court has held that if a motion to withdraw a guilty plea is filed after the expiration of time for a direct appeal and alleges a constitutional violation as the basis for the request to vacate a conviction and sentence, the motion must be treated as one for postconviction relief under R.C. 2953.21. State v. Smith (Sept. 13, 2001) Cuyahoga App. No. 79028, unreported; State v. Gaddis (Oct. 12, 2000) Cuyahoga App. No. 77058, unreported. See, also, State v. Hill (1998), 129 Ohio App.3d 658, 718 N.E.2d 978; State v. Walters (1998), 138 Ohio App.3d 715, 742 N.E.2d 206; State v. Deer (Mar. 2, 2001) Lawrence App. No. 00CA24, unreported; State v. Phelps (Sept. 26, 2000) Franklin App. No. 00AP-109, unreported; State v. Lewis (Feb. 9, 1999) Lorain App. No. 98CA007007, unreported. (Emphasis added.)
Here, Wangul's time for a direct appeal from his guilty plea and sentence expired on December 28, 2000, and he filed his motion to withdraw on October 21, 2001, alleging constitutional violations as the basis for his request to vacate his plea; therefore, in conformity with Reynolds and Jackson, the court properly treated this motion as a petition for postconviction relief. As such, Wangul's arguments raised under Crim.R. 32.1 are inapplicable.
Based on the foregoing, we have concluded that the trial court properly denied Wangul's motion to withdraw guilty plea. Accordingly, Wangul's assignment of error is not well taken, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, J., CONCUR.