[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Petitioner-appellant Mark E. Christ appeals the dismissal of his petition for postconviction relief. For the reasons that follow, we affirm.
{¶ 3} The appellant was indicted in January of 1988 for robbery. In February, his counsel filed a motion seeking suppression of testimony identifying the appellant as the perpetrator of the robbery. In April, the state filed its response. The record reflects no disposition of the motion to suppress, but discloses that, in July of 1988, the appellant entered a plea of guilty to the charge of robbery. The trial court accepted the plea, found the appellant guilty as charged, sentenced him, and entered judgment accordingly.
{¶ 4} From that judgment of conviction, the appellant took no direct appeal. Instead, on October 4, 2001, over thirteen years after his conviction, the appellant filed a "Motion to Vacate Conviction and Withdraw Plea." By this "motion," he sought relief from his 1988 conviction, pursuant to R.C. 2953.21 et seq. With the motion, he submitted a memorandum and evidentiary material in support of his contention that his trial counsel had been ineffective and his guilty plea had been unknowing and involuntary, when he had entered the plea in reliance upon his counsel's representation that the motion to suppress had been denied and that a guilty plea was, under the circumstances, his best alternative.
{¶ 5} The state moved to dismiss the appellant's postconviction request for relief on the ground that the common pleas court had no jurisdiction to address the appellant's "motion," when it was late and did not satisfy the requirements of R.C. 2953.23(A). On January 31, 2002, the common pleas court granted the state's motion to dismiss, and this appeal ensued.
{¶ 6} On appeal, the appellant presents a single assignment of error, in which he contends that the common pleas court erred in dismissing his postconviction petition. We find no merit to this contention.
{¶ 7} We note at the outset that, although the appellant sought by his motion to withdraw his guilty plea, he invoked in support of the motion R.C. 2953.23, which governs the disposition of a tardy or successive postconviction petition, and not Crim.R. 32.1, which authorizes a court to permit a defendant to withdraw a guilty plea after the imposition of sentence, to correct a manifest injustice. The Ohio Supreme Court, in its recent decision in State v. Bush,[1] resolved a conflict among the district courts of appeals, and altered the course of this district,[2] by holding that "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea."[3]
The supreme court did not, however, declare as a corollary principle that a court must, in all instances, review a postsentence request to withdraw a guilty plea under Crim.R. 32.1. To the contrary, the Bush court recognized that R.C. 2953.21 et seq. and Crim.R. 32.1 provide "distinct avenue[s] for relief." And the court declared that only "an irregular `no-name' motion," i.e., a motion "that fails to delineate specifically whether it is a postconviction [relief] petition or a Crim.R. 32.1 motion," need be "classif[ied]" or "categorized by a court in order for the court to know the criteria by which the motion should be judged."[4]
{¶ 8} The appellant, in presenting his postsentence "Motion to Vacate Conviction and Withdraw Plea," elected to pursue relief under R.C. 2953.21 et seq. When, as here, a postconviction petitioner has failed to take a direct appeal from his judgment of conviction, R.C.2953.21(A)(2) requires that the petition "be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." The appellant filed his petition well after the expiration of the time prescribed under R.C. 2953.21(A)(2); thus, the petition was tardy. R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a tardy postconviction petition: The petitioner must show either that he was unavoidably prevented from discovering the facts upon which his petition depends, or that his claim is predicated upon a new or retrospectively applicable federal or state right recognized by the United States Supreme Court since the expiration of the time prescribed in R.C. 2953.21(A)(2); and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted."[5]
{¶ 9} The appellant did not base his postconviction claim upon a new or retrospectively applicable federal or state right. Nor was the appellant unavoidably prevented from discovering the facts underlying his claim, when, from the time of his decision to plead guilty, the record was devoid of an entry reflecting the trial court's disposition of the motion to suppress. We, therefore, hold that the common pleas court properly declined to entertain the appellant's petition. Accordingly, we overrule the sole assignment of error and affirm the judgment of the court below.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Gorman and Sundermann, JJ.
[1] State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993,773 N.E.2d 522.
[2] In State v. Hill (1998), 129 Ohio App.3d 658, 718 N.E.2d 978, we read the decision of the supreme court in State v. Reynolds,79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 978, to require that a postsentence Crim.R. 32.1 motion to withdraw a guilty plea be addressed as a postconviction petition subject to R.C. 2953.21 et seq.
[3] State v. Bush, syllabus.
[4] Id. at ¶ 11.
[5] R.C. 2953.23(A).